# Wytheville

## L. W. Ramey v. Commonwealth.

### June 21, 1923.

#### Absent, Kelly, P., and Burks, J.

1. Intoxicating Liquors—*Unlawfully Manufacturing—Presumption from Finding Ardent Spirits on Premises.*—Under section 28 of the prohibition act (Acts 1918, p. 599) the finding of ardent spirits on the premises is *prima facie* evidence of unlawfully manufacturing of ardent spirits by the person or persons occupying the premises whereon such ardent spirits are found.   The statute, however, does not create a conclusive presumption of the guilt of such occupants of the premises, but merely a presumption, which may be rebutted.

2. Intoxicating Liquors—*Unlawfully Manufacturing—Presumption from Finding Ardent Spirits on Premises—Case at Bar.*—While the *prima facie* presumption arising from finding ardent spirits on the premises will doubtless support a verdict of guilty, where the evidence is conflicting, inconclusive or insufficient to rebut it, yet in the instant case where there was nothing in the evidence to inculpate the accused, except the bare fact that he was one of several occupants of the premises, and the evidence for the Commonwealth pointed only to another occupant, half brother of accused, as the sole culprit, this is sufficient to rebut the presumption against the accused from the finding of the liquor on the premises, and to exculpate him.

3. Intoxicating Liquors—*Unlawfully Manufacturing—Presumption from Finding Ardent Spirits on Premises—Case at Bar.*—The *prima facie* presumption of guilt from finding ardent spirits upon the premises attaches to each and all of the occupants of the premises on which the ardent spirits is found.

Error to a judgment of the Circuit Court of Scott county.

*Reversed.*

The opinion states the case.

*W. S. Cox*, for the plaintiff in error.

25

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

Prentis, J., delivered the opinion of the court.

The accused has been convicted under an indictment charging him with unlawfully manufacturing ardent spirits, and is here assigning, among other errors, that the verdict should have been set aside because unsupported by the evidence.

Three witnesses were introduced by the Commonwealth. This is a summary of their testimony: The deputy sheriff, with two others, went to the home of the mother of the accused, in Scott county, where he and his half brother, Barney Farmer, also lived. The accused was not then seen there, but Barney Farmer was there and permitted the search of the house. Nothing incriminating was found at first, and they started to search the basement, during which search Farmer left the house, after which they went to the barn, about 150 yards from the dwelling, to continue their search. They followed Farmer's tracks to the barn, and there, in one of the stalls, they found a furnace that was warm. There was smoke in the hallway of the barn, which had a row of stalls on each side. A still had just been pulled out of the furnace and there was a lighted lantern in the stall. They observed a trace of still slop leading out of the barn, which they followed, and found a still about 300 or 400 yards away; and returning they found two jugs and six gallons of whiskey, as well as some beer, in the stall. After having destroyed the beer, broken and emptied the jugs of whiskey, they returned to the house and then met the accused, who, when asked who had possession of the house and premises, said that he and

Farmer had possession. They were then both arrested, the accused saying that "he had nothing to do with it," and that "it was not his." When taken before a justice of the peace, Farmer said it was his and, according to one witness, "that he would take it all on himself." The other two witnesses who were with the sheriff did not hear Farmer say that "he would take it all on himself." Farmer was, by the justice, sent on to answer an indictment, and the accused was discharged by the justice. All three of the witnesses for the Commonwealth testified that they saw nothing about the accused or on him to indicate that he had been about the still.

The accused introduced Farmer, who testified that the still was his; that the accused had nothing to do with it; had no interest in it; had never worked at it, or in any way assisted him; and denied that he had ever stated before the justice that he would take it all on himself, and said that there was no reason for him to do so because he stated to the justice that the still was his and that no one else had any interest in it. The accused, as a witness in his own behalf, denied all knowledge of the existence of the still, and testified that the place was his mother's dower in his father's land, upon which she, with his half brother, Farmer, and himself lived, but that one, Emory Ramey, rented the barn. That he went to the barn every day to feed and water his horse which he kept in another part of the barn.

[1-3] This being all of the evidence, it is apparent to us that it is insufficient to support the verdict against the accused, unless the *prima facie* presumption of guilt created by section 28 of the prohibition act can be held to supply that insufficiency. Acts, 1918, page 599. Under this statute, the finding of ardent spirits on the premises is *prima facie* evidence of "unlawful manufacturing" of ardent spirits by the person or persons

occupying the premises whereon such ardent spirits are found. It is observed, however, that the statute does not create a conclusive presumption of the guilt of such occupants of the premises, but merely a presumption, which may be rebutted. This presumption will doubtless support a verdict of guilty where the evidence is conflicting, inconclusive or insufficient to rebut the *prima facie* presumption. But in a case like this, where the guilty person is clearly disclosed by the evidence, the presumption against others is rebutted by testimony which not only discloses the culprit, but also fails to incriminate any other person. In this case the law has been vindicated. The person guilty of unlawfully manufacturing the whiskey which was found on the premises is shown to be Barney Farmer, and the evidence fails to show that the accused in any way aided or abetted him. Of course, both the accused and Farmer, as well as some other persons, may be also guilty, and this *prima facie* presumption of guilt attaches to each and all of the occupants of the premises on which the whiskey was found. If there is no evidence to rebut it, they are in danger of conviction. In this case, however, we find nothing to inculpate the accused, except the bare fact that he was one of several occupants of the premises, and we further find that the evidence for the Commonwealth points only to Barney Farmer as the sole culprit. This is sufficient to rebut the presumption against the accused and to exculpate him.

Our conclusion, therefore, is that the trial court erred in refusing to set aside the verdict. This conclusion makes it unnecessary to consider the other errors which are assigned.

The judgment will be reversed and the case remanded for a new trial according to law, if the Commonwealth shall be so advised.

*Reversed.*