## Wytheville.

## KELLEY MESSER v. COMMONWEALTH.

### June 26, 1926.

1. INTOXICATING LIQUOR—*Sentence and Punishment—Prohibition Act of 1918, Section 5—Code of 1919, Section 4782.*—Prohibition act of 1918, section 5, provides that any person who shall violate any of its provisions shall be deemed guilty of a misdemeanor and be fined not less than $50.00 nor more than $500.00 and be confined in jail not less than one nor more than six months. Section 17 of the act of 1918 declares that possession by one, at a place not his home, of ardent spirits shall be a misdemeanor but does not specify the punishment.

   *Held:* That punishment of one for possession at a place not his home is that prescribed by section 5 of the prohibition act of 1918 and not that prescribed by Code of 1919, section 4782, prescribing the punishment for a misdemeanor for which no punishment or no maximum punishment is prescribed by statute.

2. INTOXICATING LIQUOR—*Sentence and Punishment—Act of 1918.*—It is evident that all violations of the prohibition act of 1918, for which no specific punishment is prescribed by the act, are punishable in accordance with section 5 of the act and that there never was any legislative intent to make them punishable under section 4782 of the Code. The term misdemeanor as used in section 17 of the act of 1918 was only to distinguish certain offenses from other offenses referred to in the same section as felonies.

3. INTOXICATING LIQUOR—*Having Possession of Liquor at a Place not One's Home—Evidence not Sufficient to Support Conviction.*—In the instant case defendant was accused of having in his possession, at a place not his home, ardent spirits. At the time defendant was a guest at a hotel, upon the occasion of a search thereof by officers. At the time of the search defendant was at the stable currying his horse. A colored boy, a servant at the hotel, had a tin can with some whiskey in it, the boy had this can upon him when he saw the officers. He ran up stairs into the room of defendant and set down the can and made his escape. The boy testified to these facts and stated that defendant knew nothing about it and had not told him to put the whiskey there. The boy had been prosecuted and found guilty and served a sentence for having in his possession other whiskey which was found on the premises. There was no contradiction of his evidence.

Syllabus.

*Held:* That the evidence would not support a verdict of guilty against the defendant.

4.  INTOXICATING LIQUOR—*Guest at Hotel—Having Possession of Liquor at a Place not One's Home—Presumption—Case at Bar.*—The only circumstance in any way connecting the accused with the charge of having possession of ardent spirits at a place not his home was the fact that whiskey was found in the room which he occupied as a guest at the hotel. This circumstance, standing alone, unexplained, would be sufficient to convict the accused. The act of 1918, section 65, which was in force when the defendant was indicted, made it unlawful to possess ardent spirits in any other place than a *bona fide* home, and section 61 expressly excludes the room of a guest in a hotel from the definition of a home. A presumption against the defendant of unlawful possession was therefore raised by the finding of ardent spirits in the room of the hotel occupied or under the control of the defendant as a guest. Acts 1924, p. 596, sec. 12.

5.  INTOXICATING LIQUOR—*Having Possession of Liquor at a Place not One's Home—Presumption—Rebutting Presumption—Case at Bar.*—In the instant case, the presumption against accused from possession of ardent spirits in a room in a hotel which he occupied as a guest, was rebutted by the evidence. The presence of the ardent spirits in defendant's room was the only evidence in the case connecting the defendant with the violation charged, and this was explained by the uncontradicted admission on the part of a witness that he put it there, the circumstances under which he put it there, and in addition that defendant knew nothing about it.

6.  JURY—*Credibility of Witness—Uncontradicted Testimony—Jury the Sole Judge.*—Although, as a general proposition, the jury are the sole judge of the credibility of witnesses, yet where the testimony is uncontradicted there must be something to justify the jury in discrediting it.

7.  INTOXICATING LIQUOR—*Cross Examination of Accused—Question as to the Number of Times he has been Convicted in Another State.*—In the instant case accused charged with a violation of the prohibition act was asked on cross-examination how many times he had been arrested for violation of the prohibition act in West Virginia, to which question he replied that he could not state.

    *Held:* That this was not reversible error. Permitting such questions to be asked is largely in the discretion of the trial court.

8.  INTOXICATING LIQUOR—*Suspension of Sentence—Discretion of Court.*—Section 5 of the prohibition act of 1918 permitted the court in its discretion to suspend sentence where, upon the trial, it appeared to the court that there was no intentional violation of the prohibition act.

    *Held:* That this discretion was vested in the trial court and could not be controlled by the Supreme Court of Appeals.

Error to a judgment of the Circuit Court of Giles county.

*Reversed.*

The opinion states the case.

*W. B. Snidow,* for the plaintiff in error.

*Jno. R. Saunders,* Attorney General, *Leon M. Bazile* and *Lewis H. Machen,* Assistant Attorneys General, for the Commonwealth.

CHICHESTER, J., delivered the opinion of the court.

On the 18th day of March, 1924, a grand jury, duly impaneled in the Circuit Court of Giles county, found an indictment against Kelley Messer, charging, among numerous other violations of the prohibition law, that, within one year next prior to the finding of the indictment, he "in said county did unlawfully have in his possession at a place, not his home, ardent spirits," etc.

Upon this indictment he was tried upon a plea of not guilty, found guilty as charged, and his punishment fixed at confinement in jail for a term of thirty days and a fine of one hundred dollars. Upon this verdict judgment was entered, but its execution was suspended until defendant could present his petition for a writ of error, which in due time was granted.

There are four assignments of error:

1. That the jury was improperly instructed in regard to the penalty.

2. That the court erred in not setting aside the verdict as contrary to the law and the evidence.

3. That the court erred in permitting the Commonwealth's attorney to ask the accused on cross-examination how many times he had been arrested in West Virginia for a violation of the prohibition law.

4. That the court erred in not suspending sentence.

[1]   1. The court instructed the jury that if they found the prisoner guilty they should fix his punishment at a fine of not less than fifty dollars nor more than five hundred dollars, and confinement in jail not less than thirty days nor more than six months.

The defendant contends that the offense charged is punishable under the general law prescribing punishment for misdemeanors, for which no punishment is prescribed—that is, section 4782 of the Code, 1919, which declares:

"A misdemeanor, for which no punishment or no maximum punishment is prescribed by statute, shall be punished by fine not exceeding five hundred dollars or confinement in jail not exceeding twelve months, or both, in the discretion of the jury or of the justice, or of the court trying the case without a jury."

The defendant was indicted under section 17 of the prohibition act of 1918.    That section declares:

"It shall be unlawful to deliver to, receive in, keep, store, dispense, sell or offer for sale, give away or use, or have in possession ardent spirits in any place, except as provided in this act.

"It shall be unlawful to deliver to, receive in, keep, store, dispense, sell or offer for sale, give away or use, or have in possession ardent spirits in a place reputed to be a house of prostitution, whether said house be a *bona fide* home or not.

"Any violation of this section shall be a misdemeanor; any subsequent violation of delivering to, receiving in, keeping, storing, dispensing, selling, offering for sale, giving away, using or having ardent spirits in possession in a place reputed to be a house of prostitution shall be deemed a felony."    (Acts 1918, p. 592.)

It will be noted that no punishment is prescribed by

this section of the act for the acts denounced by the statute, but having in possession (with which we are concerned) is declared to be a misdemeanor. Hence it is argued that the general statute, section 4782 of the Code, applies.

But section 5 of the prohibition act itself provides (p. 579): "Any person who shall violate any of the provisions of this act shall, except as herein otherwise provided, be deemed guilty of a misdemeanor, and be fined not less than fifty dollars nor more than five hundred dollars, and be confined in jail not less than one nor more than six months. The penalty for any subsequent offense committed after the first conviction, which is not declared a felony by this act, shall be a fine of not less than one hundred dollars, nor more than five thousand dollars, and imprisonment in jail for not less than six months, nor more than one year. Whenever, in this act, the violation of any provision is declared a felony, the person convicted of such violation shall be punished by confinement in the penitentiary for not less than one, nor more than five years, or, in the discretion of the jury, by confinement in jail for not less than six months nor more than twelve months and by a fine not exceeding five hundred dollars; but where, upon the trial of any charge of a violation of this act, it shall appear to the court trying the case that there has been no intentional violation of any provision thereof, but an unintentional or inadvertent violation thereof, then such court shall instruct the jury that they cannot impose a jail sentence."

[2] It is evident from a consideration of these sections that all violations of the act, for which no specific punishment is prescribed by the act, are punishable in accordance with section 5, and that there never was any legislative intent to make them punishable under section 4782 of the Code. The term misdemeanor as used in

section 17 was only to distinguish certain offenses from other offenses referred to in the same section as felonies. The instruction complained of is in accordance with section 5. It follows, and we hold, that the offense charged, and of which defendant was found guilty, was not a misdemeanor for which no punishment, or no maximum punishment, was prescribed by statute, but that the prohibition statute itself prescribes the punishment for every act denounced by it, either specifically or by the general provision, that is, by section 5 of the 1918 act (section 6 of the 1924 act [Laws 1924, p. 594]).

[3]  2. Upon the second assignment of error, we think that the court erred in not setting aside the verdict because it was without evidence to support it.

A fair statement of all the evidence adduced at the trial is, that the defendant was a citizen and resident of the State of West Virginia, and that Lurich, in Giles county, Virginia, where the offense is alleged to have been committed, is very near the State line; that there is a hotel at Lurich run by a Mrs. Murphey; that Messer was a guest there upon the occasion of a search which was made by officers on March 8, 1924, more than a year before the trial; that at the time of the search Messer was at the stable currying his horse; that he had been absent from his room for more than an hour; that there was a colored boy named George Witten who was a servant at this hotel; that on the day when this search was made George Witten had a tin can with some whiskey in it and had poured therefrom the greater part of it into a fruit jar which he had placed in the smokehouse on the premises; there was a small quantity of whiskey left in the can, estimated in varying quantities from half a pint to a quart. The boy had this can about him when he saw the officers coming and his only means of escape was upstairs, whither he went with the can, and being

pressed very closely by the officers, he ran into the room which had been occupied by Messer and set the can down by the wood box and made his escape, meeting the officer coming up the steps.    Witten testified to these facts and said that was the reason that he put the liquor there.    He stated unqualifiedly that Messer knew nothing in the world about it and had not told him to put the whiskey there.    Messer went on the stand and stated that he knew nothing about the whiskey except what he had been told by others; that he did not tell the boy to put it there and had nothing to do with it.    Witten had been prosecuted, found guilty and served a sentence for having in his possession the whiskey which had been found in the smokehouse.

[4] It is clear from the above that the only circumstance in any way connecting the accused with the charge is the fact that whiskey was found in the room which he occupied as a guest at the hotel.    This circumstance, standing alone, unexplained, would be sufficient to convict the accused.    The act of 1918, section 65, which was in force when the defendant was indicted, made it unlawful to possess ardent spirits in any other place than a *bona fide* home, and section 61 expressly excludes the room of a guest in a hotel from the definition of a home.    A presumption against the defendant of unlawful possession was therefore raised by the finding of ardent spirits in the room of the hotel occupied or under the control of the defendant as a guest. Acts 1924, p. 596, sec. 12.

[5] In this case, however, we think that as a matter of law the defendant has rebutted this presumption. The presence of the ardent spirits in the defendant's room was the only evidence in the case connecting the defendant with the violation charged, and this was explained by the admission on the part of the witness,

Witten, that he put it there; the circumstances under which he put it there, and in addition he says the defendant knew nothing about it and had not told him to put it there.   There is no conflict about this explanatory evidence, and there were no circumstances connected with it which gave the jury the right to disregard it—no contradiction or denial of the story told by Witten, or suspicious conduct on the part of the defendant.   At best, the case made out against Messer was one of circumstantial evidence, consisting of the single circumstance that ardent spirits were found in his room, and this, as we think, was explained.   It may be a fact that the witness told a falsehood, but the evidence fails to disclose anything which would justify a jury in finding as a fact that the witness did not tell the truth.

[6] It is asserted that the jury did not believe the explanation of the presence of the liquor in Messer's room, and that they were the sole judges of the credibility of the witnesses, and we are referred by the Commonwealth's brief to the case of *Johnson* v. *Commonwealth*, 142 Va. 638, 128 S. E. 456.   The legal proposition is not denied, but where testimony is uncontradicted there must be something to justify the jury in discrediting it.   In the *Johnson Case,* the evidence for the Commonwealth showed that the accused was standing on the bank of a ravine overlooking and not far from a still which was in operation; that he was looking sharply about the surrounding country from time to time, as if he were on the lookout; that he fled upon the approach of the officers who raided the still; and that his reputation as a violator of the prohibition law was bad.   Johnson testified that he was passing through the woods and came upon the still and stopped to talk with those who were operating it.   He was supported in this statement by those actually engaged in operating the still.   The court held

that, under these circumstances, the court was unable to say that the verdict of the jury finding the accused guilty, was plainly wrong. The distinction between this case and the case at bar is obvious. The suspicious conduct on the part of Johnson, as observed by the officers, his flight when they attempted to arrest him, and his bad reputation as a violator of the prohibition law, were sufficient to carry the question of whether the presumption of guilt arising from his presence at the still had been rebutted. In the instant case there was no suspicious conduct on the part of the accused, no flight, no proof of bad reputation, and no conflict in the evidence or growing out of the circumstances in connection with the rebuttal evidence. Hence, we must hold, as a matter of law, that the presumption arising from the bare presence of ardent spirits in defendant's room has been rebutted.

The case of *Ramey* v. *Commonwealth*, 136 Va. 769, 117 S. E. 833, is a case in which the presumption of guilt arising from the finding of ardent spirits on the premises occupied by the defendant was held to have been rebutted. In that case this court held that while the *prima facie* presumption arising from finding ardent spirits on the premises will doubtless support a verdict of guilty, where the evidence is conflicting, inconclusive or insufficient to rebut it, yet where there was nothing in the evidence to inculpate the accused except the bare fact that he was one of several occupants of the premises, and the evidence for the Commonwealth pointed only to another occupant, half brother of the accused, as the sole culprit, this is sufficient to rebut the presumption against the accused from the finding of liquor on the premises, and to exculpate him. See also *Cox* v. *Commonwealth*, 140 Va. 513, 125 S. E. 139; *Triplett* v. *Commonwealth*, 141 Va. 578, 127 S. E. 486.

The decisions in these cases are conclusive of the case at bar upon the sufficiency of the evidence.

[7]   3. This assignment relates to the action of the court in permitting the accused, who testified in his own behalf, to be asked the question how many times he had been arrested for violation of the prohibition law in West Virginia, to which question he replied that he could not state.   No effort was made by the Commonwealth to prove that he had been arrested.   This was not reversible error.   Permitting such questions to be asked is largely in the discretion of the trial court. *Williams* v. *Commonwealth*, 128 Va. 698, 104 S. E. 853; *Harris* v. *Commonwealth*, 129 Va. 751, 105 S. E. 541; *Hunt* v. *Commonwealth*, 126 Va. 815, 101 S. E. 896.

[8]   4. The fourth assignment relates to the failure of the trial court, upon motion of counsel, to suspend the sentence.   At the time of the trial of this case section 5 of the prohibition act permitted the court, in its discretion, to suspend the sentence.   This is a discretion vested in the trial court which this court has never undertaken to control.   There is no merit in the assignment.

For the error of the trial court, however, in not setting aside the verdict of the jury as contrary to the evidence, the judgment must be reversed, the verdict set aside and the case remanded to the circuit court for a new trial according to law, if the Commonwealth shall be so advised.

*Reversed.*