# CRIMINAL CASES

## Richmond.

## AL BEAVERS V. COMMONWEALTH.

January 20, 1927.

1. WITNESSES—*Cross Examination—Imputing Other Crimes—Questions as to Collateral Matters Tending to Show Immoral Character of Witness.*—A question on cross-examination as to irrelevant collateral matters tending to show immoral character, affecting the credibility of the witness under cross-examination, should be left to the discretion of the court in the particular case. It is everywhere settled that the cross-examiner who asks such a question is bound by the witness' answer and cannot introduce evidence to contradict him.

2. WITNESSES—*Cross-Examination—Imputing Other Crimes to Accused—Duty of Commonwealth's Attorney.*—Attorneys for the Commonwealth should refrain on cross-examination of accused from asking irrelevant questions as to collateral matters tending to show accused to have been guilty of other crimes.

3. WITNESSES—*Cross-Examination—Collateral Questions Tending to Show Witness Guilty of Crime—Discretion of Court—Review.*—The discretion vested in the trial court as to questions on cross-examination as to irrelevant collateral matters tending to show the witness to be of immoral character, is not an unlimited discretion, but can be reviewed, and will justify a reversal in extreme cases.

4. WITNESSES—*Cross-Examination—Collateral Questions Tending to Show Witness Guilty of Crime—Discretion of Court—Review—Case at Bar.*— In the instant case, a prosecution for the violation of the prohibition act, although the accused had only testified in chief as to the specific charge, the prosecuting attorney was allowed, on cross-examination, to question him in detail as to various other alleged violations of the statute, prosecutions for most, if not all, of which had been barred, and which had neither relation nor connection with the specific offenses for which accused was being prosecuted.

    *Held:* That the discretion vested in the trial court as to such questions was carried to extreme lengths in the instant case, was manifest.

5. INTOXICATING LIQUOR—*Proof of Other Crimes—Reversible Error—Case at Bar.*—In the instant case, a prosecution for violating the prohibition act, the prosecuting attorney questioned the accused as to other

violations of the prohibition act having no connection with the present prosecution. In connection with this the prosecuting attorney introduced seven witnesses to contradict accused and to testify as to specific violations of the statute prior to the period covered by the indictment.

*Held:* Harmful error, because its probable effect was to increase the punishment and create against the accused an improper prejudice in the minds of the jury.

6. Criminal Law—*Proof of Other Crimes—Case at Bar.*—The law does not generally permit the introduction of evidence of other crimes to prove the crime which is in issue, but evidence of all relevant facts, which tend to establish any of the constituent elements of the crime of which the defendant is accused, is admissible, even though such facts tend to prove another crime. The instant case, however, where on a prosecution for violation of the prohibition act, witnesses were allowed to testify as to other prior violations of the act, does not fall within the exception.

7. Intoxicating Liquor—*Proof of Other Violations—Limitation.*—The Virginia prohibition act permits the introduction of evidence of other violations of the act but limits evidence of such other violations to within one year prior to the finding of such indictment.

Error to a judgment of the Circuit Court of Prince William county.

*Reversed.*

The opinion states the case.

*Robert A. Hutchinson,* for the plaintiff in error.

*John R. Saunders, Attorney General* and *Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

Prentis, P., delivered the opinion of the court.

The accused has been convicted and sentenced to two years confinement in the penitentiary under an indictment charging and evidence tending to show that he manufactured distilled ardent spirits on or about September 16, 1924, and that he unlawfully then had

in his possession a still, cap, worm, cooling vat, metal tub, two metal buckets and metal kettle. It was also shown that his general reputation for violating the prohibition statute was bad. By way of defense he testified that he was not at the place at the time of the alleged offense, and introduced testimony tending to show that he was elsewhere. This presented a clear issue of the fact, and if this were all which the record disclosed, we should affirm the judgment.

There are a number of assignments of error, but we think it only necessary to refer to those covered by Nos. 5 to 11, which present substantially the same question.

Although the accused had only testified in chief as to the specific charge, the prosecuting attorney was allowed, on cross-examination, to question him in detail as to various other alleged violations of the statute.

Perhaps, before discussing the assignments of error to which we have just referred, it is proper to repeat some of the expressions of this court as to such questions.

[1] In *Allen* v. *Commonwealth*, 122 Va. 841, 94 S. E. 783, we find this: "This is a question about which there has been great contrariety of decision in the English and American courts. The doctrine most generally accepted now is that such a question on cross-examination as to irrelevant collateral matters tending to show immoral character, affecting the credibility of the witness under cross-examination, should be left to the discretion of the court in the particular case. It is everywhere settled that the cross-examiner who asks such a question is bound by the witness' answer and cannot introduce evidence to contradict him.

"In 40 Cyc, 2569-70, the modern authorities are

collected. Among other things, it is there said: 'Neither should the door be thrown open so wide for impeaching evidence as to allow questions to be asked upon the pretense that the object is impeachment when there is no reasonable ground to expect favorable answers, or to be able to prove by direct evidence that the unfavorable ones are false and the sole tendency, if not the purpose, is to create suspicion in the minds of the jury.'

"In this State it may be regarded as settled that such questions cannot be asked. In *Uhl's Case*, 6 Gratt. (47 Va.) 706, it was held that the record of conviction of a witness of petty larceny, in another State, is not admissible to impeach the veracity of the witness. In *Langhorne's Case*, 76 Va. 1021, the court says: 'It is competent, in order to discredit a witness, to offer evidence attacking his character for truth and veracity. Particular independent facts, though bearing on the question of veracity, cannot, however, be put in evidence for this purpose. 1 Whatt. Law of Ev., section 562. No question respecting any fact irrelevant to the issue can be put to a witness on cross-examination for the mere purpose of impeaching his credit by contradicting him. And if any such question be inadvertently put and answered, the answer of the witness will be conclusive. 2 Taylor on Evidence, section 1435. The same doctrine is enunciated by Greenleaf. He says: "In general, the rule is that upon examination to try the credit of the witness only general questions can be put; and he cannot be asked as to any collateral independent fact merely with a view to contradict him afterwards by calling another witness. And (he says) only general questions can be put." Greenleaf on Evidence, 455.' In *Cutchin* v. *Roanoke*, 113 Va. 452, 74

S. E. 403; *Uhl's Case, supra,* and *Langhorne's Case, supra,* are approved."

[2] We think it also proper to repeat the caution stated in *Martin* v. *Commonwealth,* 143 Va. 479, 129 S. E. 348, in this language: "The third assignment of error grows out of the fact that the prosecuting attorney was permitted to ask Earl Martin, while on cross-examination, whether his wife had sold whiskey on previous occasions to Hawkins and to another. It was admitted only upon the ground that it was intended to test the credibility of the witness who had contradicted the testimony produced by the Commonwealth that she had sold whiskey on the evening of the homicide. The court had previously expressly refused to allow the Commonwealth to introduce evidence of any former sales, and had strictly limited the testimony to the occurrences of that evening immediately preceding the homicide. Attorneys for the Commonwealth should refrain from asking such irrelevant questions which are designed to prejudice the accused before the jury, because they should always remember whose commission they bear and should scrupulously respect the rights of the accused; * * * The accused promptly denied the imputation and the prosecution was bound by his answer; so there was no evidence of the irrelevant fact which the question suggested. The liberty of the cross-examiner is not entirely unrestricted, but as to such questions much must be left to the discretion of the trial judge."

In *Messer* v. *Commonwealth,* No. 1, 145 Va. 838, 133 S. E. 764, this is said: "This assignment relates to the action of the court in permitting the accused, who testified in his own behalf, to be asked the question how many times he had been arrested for violation of the prohibition law in West Virginia, to which question he replied

that he could not state. No effort was made by the Commonwealth to prove that he had been arrested. This was not reversible error. Permitting such questions to be asked is largely in the discretion of the trial court. *Williams* v. *Commonwealth*, 128 Va. 698, 104 S. E. 853; *Harris* v. *Commonwealth*, 129 Va. 751, 105 S. E. 541; *Hunt* v. *Commonwealth*, 126 Va. 815, 101 S. E. 896.''

[3, 4] The discretion vested in the trial court as to such questions is not an unlimited discretion, but can be reviewed, and will justify a reversal in extreme cases. That the privilege was carried to extreme lengths in this case seems manifest.

[5] But the prosecutor here was not content to be bound by the answers of the accused as to these other violations of the prohibition law having no connection whatever with this prosecution. Seven witnesses were introduced to contradict him and to testify as to specific violations of the statute prior to the period covered by the indictment. Some of them related to other violations about which the accused had not been interrogated. Prosecutions for most, if not all, of these offenses had been barred, and they had neither relation to nor connection with the specific offense for which the accused was being prosecuted. We are clear in our view that this was harmful and reversible error, because its probable effect was to increase the punishment and create against the accused an illegal and improper prejudice in the minds of the jury.

[6] In *Faulkner* v. *Town of South Boston*, 139 Va. 569, 123 S. E. 358, this is said: "It is true, with rare exceptions, that the law does not permit the introduction of evidence of other crimes to prove the crime which is in issue. 1 Wharton Cr. Ev., section 30;

*Walker's Case*, 1 Leigh (28 Va.) 574; *Cole's Case*, 5 Gratt. (46 Va.) 696. Among these exceptions is the rule which permits the prosecution, in making proof against the defendant, to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime of which the defendant is accused in the case on trial, even though such facts and circumstances tend to prove that the defendant has committed another crime."

The evidence introduced in this case were not links connecting him with the crime charged, and does not come within any of the exceptions. There is nothing new about this rule. It seems to be quite universal. *Devine* v. *Commonwealth*, 107 Va. 860, 60 S. E. 37, 13 Ann. Cas. 361; *Harris* v. *Commonwealth*, 129 Va. 753, 105 S. E. 541; 2 Wigmore Ev. (2d ed.), section 987, page 411; Beale's Cr. Pl. & Pr., section 280.

*Snarr* v. *Commonwealth*, 131 Va. 819, 109 S. E. 590, illustrates one of these exceptions.

The most notorious of criminals, however clear his guilt, is entitled to the protection of the bill of rights, and cannot be deprived of his life or liberty except by the law of the land.

[7] The Attorney General submits this crucial question to the court without supporting argument, except to suggest that possibly this evidence tends to show that the accused had a bad reputation as a violator of the statute. Clearly, however, this is not the way to prove general reputation. He cites, apparently in support of this suggestion, section 43 of the Virginia prohibition law of 1924, which permits the introduction of evidence of other violations, and which provides that "it shall not be necessary to allege a sale or gift of ardent spirits to a particular person, and it shall be sufficient for the conviction of the accused to

prove a sale or gift contrary to law, within one year prior to the finding of such indictment." But this, so far from supporting this contention, clearly negatives it and limits evidence of such other violations to within one year prior to the finding of the indictment. The testimony here was not limited in any respect as to time, and referred to several transactions occurring more than one year prior to the finding of the indictment.

Because of the error of the court in permitting the introduction of evidence to show that the accused had been repeatedly guilty of other violations of this statute antedating by more than a year and having no connection whatever with the crime for which he was being prosecuted, the case must be reversed and remanded for a new trial to be had according to law.

*Reversed.*