FRANK GRAVELY, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1206-90-3

Decided January 28, 1992

COUNSEL

Donald E. Earls, for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BRAY, J.—Frank Gravely, Jr. (defendant) was convicted in a jury trial of distribution of cocaine and sentenced by the trial court, in accordance with the verdict, to seven years imprisonment, two years of which were suspended. On appeal, defendant complains that the trial court erred in permitting cross-examination of his character witnesses concerning their knowledge of unrelated drug charges against defendant and other misconduct. We agree and reverse.

At trial, defendant called Frank Mitchell (Mitchell) and Jerome Etter (Etter) as character witnesses. Following inquiries into defendant's reputation for "truthfulness," his counsel asked both witnesses if defendant was "known" as a "drug dealer." Each witness responded in the negative.

During cross-examination, the prosecutor asked Mitchell, without objection, if he had "heard" that the defendant was "a runner . . . distributing cocaine" and had "also sold marijuana." Mitchell denied any knowledge of such rumors. Later, the prosecutor inquired whether Mitchell was aware that the defendant was "charged with other things involving selling drugs." Defendant objected and moved for a mistrial. Stating that "[t]he door is open," the trial judge overruled both the objection and motion. The prosecutor then rephrased the question and asked if the witness had "heard that . . . Defendant . . . is also charged with distributing marijuana in addition to distributing cocaine." Mitchell responded that he had "heard of it," but only from defense counsel.

Over further objection, the prosecutor was also allowed to ask Mitchell if he had "heard" that the defendant "lied" to a police officer in September, 1989, and he answered that he knew "nothing about that."

While cross-examining Etter, the prosecutor asked, without objection, if defendant was "known as a dealer of assorted drugs, including marijuana and cocaine." The witness responded, "No, he's not." Etter was then asked if he had "heard" that the defendant "distributed marijuana on February 12, 1989," and was "charged with distributing marijuana on February 09, 1989 and conspiracy to distribute marijuana on February 09, 1989." Defendant immediately objected and moved for a mistrial. His objection and motion were overruled, and Etter acknowledged that he had "heard something of that sort."

█ It is well settled that a criminal defendant may introduce " 'evidence of his good character for the trait involved in the particular prosecution.' " *Byrdsong v. Commonwealth*, 2 Va. App. 400, 403, 345 S.E.2d 528, 530 (1986) (quoting *Barlow v. Commonwealth*, 224 Va. 338, 340, 297 S.E.2d 645, 646 (1982)); *see Chiles v. Commonwealth*, 12 Va. App. 698, 699-700, 406 S.E.2d 413, 414 (1991). Once the defendant puts his good character in issue, however, the Commonwealth may introduce evidence of his bad character through cross-examination or "direct reputation testimony." *Zirkle v. Commonwealth*, 189 Va. 862, 871, 55 S.E.2d 24, 29 (1949); *Weimer v. Commonwealth*, 5 Va. App. 47, 52, 360 S.E.2d 381, 383 (1987).

■ The Commonwealth may question defendant's character witness with respect to " 'specific instances of misconduct' " by defendant. *Weimer*, 5 Va. App. at 53, 360 S.E.2d at 384 (quoting 3A *Wigmore on Evidence* § 988 (Chadbourn ed. rev. 1970)); *Kanter v. Commonwealth*, 171 Va. 524, 531, 199 S.E. 477, 480 (1938). Such inquiry is permitted "to determine the grounds of the [witness'] knowledge," not "as a fact to show guilt." *Weimer*, 5 Va. App. at 53, 360 S.E.2d at 384 (quoting Wigmore, *supra*, at § 988). While the scope of this cross-examination is entrusted to the sound judgment of the trial court, its discretion is not unlimited and is subject to appellate review. *Zirkle*, 189 Va. at 872 n.1, 55 S.E.2d at 30 n.1 (quoting *Beavers v. Commonwealth*, 147 Va. 585, 590, 136 S.E. 501, 502 (1927)).

■ We have previously recognized that character and reputation evidence may often be unreliable and incompatible with the objectivity necessary to a fair and just trial. In an effort to minimize this risk, we have held that the trial court should conduct a preliminary inquiry, out of the jury's presence, before allowing cross-examination of character witnesses relative to specific acts of misconduct by the defendant. *Weimer*, 5 Va. App. at 54, 360 S.E.2d at 384. Approval of such examination by the trial court depends upon several determinations which result from the hearing, including "a reasonable likelihood" that the previous misconduct "would have been bruited about the neighborhood or community *prior* to the alleged commission of the offense on trial." *Id.* at 54, 360 S.E.2d at 384-85 (emphasis added).[1] Further, if the interrogation is permitted, the trial judge must inform the jury of its "exact purpose." *Id.* at 55, 360 S.E.2d at 385.

Although defendant did not specifically request a hearing and ruling pursuant to *Weimer*, the necessity of the analysis was triggered by his objections and related motions for mistrial. No *Weimer* review was undertaken, however, and the limited purpose of the evidence developed during the cross-examination was never explained to the jury.

---

[1] Other factors relevant to this determination by the trial judge, and also material to this case, specified in *Weimer*, are: (i) whether a question exists "as to the fact of the subject matter of the rumor;" (ii) the remoteness of the event and the rumor concerning it; (iii) whether the rumor concerns "the specific trait involved in the offense" on trial; and (iv) whether the inquiry will be conducted in the proper "Have you heard" format. 5 Va. App. at 54-55, 360 S.E.2d at 384-85.

A *Weimer* inquiry in this instance would have disclosed that the offenses mentioned in cross-examination allegedly occurred on February 9 and 12, 1989, and the untruthful statement to the police officer in September, 1989. On the date of the subject offense, February 11, 1989, no charge had been lodged against defendant for the February 9 incident and the February 12 offense and the "lie" to the police officer had yet to occur. Thus, rumors of these events could not have been "bruited about the neighborhood or community" prior to this offense.

 The Commonwealth argues, however, that defendant "opened the door" for questions concerning his reputed drug involvement through direct examination on this precise subject. While "a party has an absolute right to cross-examine his opponent's witness on a matter relevant to the case, which the opponent has put in issue by direct examination," this right is subject to "reasonable limitations." *Basham v. Terry*, 199 Va. 817, 824, 102 S.E.2d 285, 290 (1958).

When defendant questioned his witnesses about his reputation as a "drug dealer," the defendant's reputation was placed in issue and the Commonwealth had an absolute right to test the witnesses' knowledge. Consistent with this rule, the Commonwealth was permitted to ask the witnesses whether they were aware that defendant was reputedly involved in specified illegal drug activity. Defendant did not "open the door," however, and properly objected to inquiries concerning criminal charges for unrelated drug offenses and other misconduct occurring after the offense for which he was on trial. *See Ginger v. Commonwealth*, 137 Va. 811, 814-15, 120 S.E. 151, 152 (1923).

The jury was clearly exposed to improper, inflammatory and prejudicial evidence and suggestion and we are unable to find that it "plainly appears from the record and the evidence" that this error "did not affect the verdict." Code § 8.01-678; *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991). Stated differently, we cannot "conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." *Id.* Under such circumstances, a "fair trial on the merits and substantial justice" may have been compromised and the error cannot be determined harmless. Code § 8.01-678.

For the foregoing reasons, the decision of the trial court is reversed and the case is remanded.

*Reversed and remanded.*

Barrow, J., and Elder, J., concurred.