COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Barrow[*] and Coleman
Argued at Salem, Virginia


BANNEY EUGENE MOORE

v.          Record No. 1649-93-3          MEMORANDUM OPINION[**] BY
                                          JUDGE BERNARD G. BARROW
COMMONWEALTH OF VIRGINIA                  MAY 9, 1995


            FROM THE CIRCUIT COURT OF DICKENSON COUNTY
                  Donald A. McGlothlin, Jr., Judge


            C. David Whaley (Anthony G. Spencer; Morchower,
            Luxton and Whaley, on briefs), for appellant.

            Eugene Murphy, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     In this appeal of a conviction for manufacturing marijuana,

we hold that (1) the trial court erred in admitting a political

advertisement advocating the legalization of marijuana because it

did not tend to prove that seven months earlier the defendant

grew marijuana; and (2) the trial court properly admitted

evidence seized from the open fields around the defendant's

house.

     A month after a state trooper discovered marijuana growing

on the defendant's property, he returned to the property,

_____

     [*]Judge Bernard G. Barrow participated in the hearing and
decision of this case and prepared the opinion prior to his
death.

     [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

accompanied by a game warden and a sheriff, to "eradicate" the marijuana.

Upon reaching the defendant's property, they found a locked gate across the road, with a "No Trespassing" sign. The road led to a barn approximately fifty yards away and a house about seventy-five yards beyond the barn. An electric wire ran between the house and barn. The land between the gate and the house was open and the surrounding area was heavily wooded.

From inside the gate, the defendant approached and asked what the officers were doing. The officers replied that they had reports of marijuana, asked his name and who owned the property. The defendant told them the property on their side of the gate belonged to the gas company, but on the defendant's side belonged to him. He stated that they had "better have a search warrant to come onto his property."

The trooper went into a wooded area across a fence, looking for the plot he had seen before. He found another plot first, then located the known plot. Following a well-worn path, he located about a dozen more areas where marijuana was growing. The path ended close to the house. He then discovered plots one hundred fifty feet north of the house, one located twenty-five feet from the west side of the barn, and another one on a path thirty feet behind the barn. The marijuana was not visible from the roadway. He also found plants growing in pots and cups, along with other gardening supplies.

While an investigator went to get a search warrant, officers took the gate off the hinges, drove onto the property, and seized all the marijuana plants they had discovered. The investigator returned with a search warrant for the house and the shed where they found more evidence, including seeds and plants. The officers seized a total of 171 marijuana plants. This evidence was admitted at trial over the defendant's objection.

Also over the defendant's objection, the trial court admitted testimony and evidence that, subsequent to being charged, the defendant had placed a political advertisement in a local newspaper advocating the legalization of marijuana.

THE POLITICAL ADVERTISEMENT

The trial court erred in admitting evidence, because it was irrelevant, that seven months after his arrest, the defendant placed a political advertisement in a local newspaper advocating legalization of marijuana. A defendant's out-of-court statement is admissible as a party admission only if relevant. See Alatishe v. Commonwealth, 12 Va. App. 376, 378, 404 S.E.2d 81, 82 (1991) (party admission admissible if relevant); Hogan v. Commonwealth, 5 Va. App. 36, 43, 360 S.E.2d 371, 375 (1987) (irrelevant evidence inadmissible).

The "admissions" contained in the advertisement do not tend to prove that seven months earlier, the defendant grew marijuana. At most, the defendant's statement, "Pot smokers don't deserve to be in prison. How are we criminals?", admits marijuana use,

not that he might have grown or manufactured it.  Further, the advertisement concerning "pot smokers" does not tend to prove knowledge and intent to grow and distribute marijuana.  None of this evidence tends to prove that the defendant grew marijuana seven months before making the statement.

Further, the defendant's placing this advertisement does not tend to show "consciousness of guilt."  See Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 834 (1990) (flight or efforts to conceal guilt admissible).  Nor is the statement admissible as character evidence.  See Gravely v. Commonwealth, 13 Va. App. 560, 564, 414 S.E.2d 190, 192-93 (1992) (character evidence of conduct occurring after offense inadmissible); Ginger v. Commonwealth, 137 Va. 811, 814-15, 120 S.E. 151, 152 (1923).  Therefore, we hold that the advertisement was inadmissible.

Because the evidence of the political advertisement may have been used by the jury to infer that the defendant was the person growing the marijuana or may have used the evidence when they recommended punishment, we hold that the error was not harmless. For this reason, we reverse and remand for a new trial.  See Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

## THE SEARCH AND SEIZURE

We hold that the trial court properly admitted into evidence the marijuana plants and other evidence seized from the open

fields near the defendant's home.

The Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  The curtilage -- the "area around the home to which the activity of home life extends" -- is considered part of the home itself for Fourth Amendment purposes. Oliver v. United States, 466 U.S. 170, 182 n.12 (1984). Traditionally defined in terms of the factors used to determine the defendant's reasonable expectation of privacy, the curtilage is the "space necessary and convenient, habitually used for family purposes and the carrying on of domestic employment; the yard, garden or field which is near to and used in connection with the dwelling . . . whether enclosed with an inner fence or not."  Wellford v. Commonwealth, 227 Va. 297, 302-03, 315 S.E.2d 235, 238 (1984).

"Open fields," on the other hand, are not subject to Fourth Amendment protection.  Id.; see United States v. Dunn, 480 U.S. 294 (1987).  An open field may be "neither 'open' nor a 'field.'" Oliver, 466 U.S. at 180, n.11.  "[S]teps taken to protect privacy," such as gates and "no trespassing" signs, do not "establish that expectations of privacy in an open field are legitimate."  Id. at 183.  Because property rights are not determinative of Fourth Amendment protection, "the law of trespass [has] little or no relevance to the applicability of the Fourth Amendment."  Id. at 183-84.

- 5 -

In this case, the evidence supported a finding that the area searched was an "open field," and, therefore, that the police conduct did not implicate the Fourth Amendment. The areas in which the plots of marijuana were discovered were not part of the curtilage of the house, but were in "open fields." Most of the plots were located on the opposite side of the road from the house, in a wooded area surrounding the clearing in which the house stood. The remaining plots were in the clearing, at least fifty yards from the house. The connection of an electrical wire from the house to the barn seventy-five yards away did not extend the curtilage to include the barn. Further, neither the gate, nor the "No Trespassing" sign, nor even the defendant's statements to the officers that they were trespassing, created an expectation of privacy sufficient to trigger Fourth Amendment protection. Id.[1]

For the foregoing reasons, the judgment of conviction is reversed, and the matter remanded for a new trial, should the Commonwealth so elect.

Reversed and remanded.

---

[1]Contra State v. Barnett, 703 P.2d 680, 684 (Haw. 1985) (holding Oliver inapplicable where owner of land told officers to leave the property). We are troubled by the common law criminal trespass element of a threatened breach of peace where, as in this case, the owner is actually present and directs the officers not to trespass. However, we are bound by Oliver's conclusion that property rights and trespass have "little or no relevance" in Fourth Amendment analysis.

- 6 -