Carl A. CARNLEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17846.

United States Court of Appeals
Fifth Circuit.

Jan. 7, 1960.

Rehearing Denied Feb. 12, 1960.

Joe J. Harrell, Pensacola, Fla., for appellant.

C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., Wilfred C. Varn, U. S. Atty., Tallahassee, Fla., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Carnley was convicted and sentenced under a two-count indictment for violation of 18 U.S.C.A. § 2313 for receiving, concealing, bartering, selling and disposing of two automobiles moving in interstate commerce knowing that they had been stolen. He offered to prove his general reputation for honesty in the community in which he lived, and the court below declined to permit the proof. We think this was error.

The general principles covering the admissibility of such evidence are well stated in 20 Am.Jur., Evidence, § 324, pp. 302–303:

"It is a well-settled general rule that the accused in a criminal prosecution may introduce evidence of his good character and reputation. * * Such evidence should have reference to the trait involved in the offense with which the defendant is charged. With this qualification a defendant's general good character or reputation is almost always admissible in his favor to evidence the improbability of his having done the act charged. * * *

"A few authorities expound the view that evidence of good character is admissible only in cases where the guilt of the accused is doubtful, but the proper doctrine is that proof of the good character of the accused is admissible in all criminal cases not only where doubt exists on the other proof, but also to generate a doubt. The rule generally prevailing in this respect is that wherever a criminal intent is necessary to constitute the offense, evidence of the general character of the defendant is admissible in his behalf."

This whole question has recently been before us, Holland v. United States, 5 Cir., 1957, 245 F.2d 341, and we quoted extensively from the landmark case of

 

Edgington v. United States, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467, and referred also to the late case of Michelson v. United States, 1948, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168, along with other authorities.[1]

 We do not think that the error in refusing to permit proof as to appellant's reputation for honesty was cured by letting in proof of his reputation for truth and veracity. Such proof is traditionally admitted where there is question whether a witness has testified truthfully. It was important that the appellant here have the benefit of testimony concerning the trait involved in the offense with which he was charged, the essence of which was larceny or knowledge thereof.

The briefs discuss whether the court correctly dealt with this question in its charge to the jury. Upon a retrial the confusion, if such there was, is not likely to recur in view of our holding and the authorities upon which it is based; and we do not deal specifically with this point.

For the failure of the court below to admit the proffered evidence the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

### On Petition for Rehearing.

In appellee's petition for rehearing, our attention is directed for the first time to our case of Moore v. United States, 5 Cir., 1958, 254 F.2d 213, which the appellee contends expressly overrules Holland v. United States, 5 Cir., 1957, 245 F.2d 341, referred to in our opinion in this case filed January 7, 1960. Examination reveals that Moore disapproved the holding in Holland only insofar as that decision sanctions the rule deducible from the language of the Supreme Court in Edgington v. United States, 1896, 164 U.S. 361, 17 S.Ct. 72, 74, 41 L.Ed. 467, that where reputation of a defendant in a criminal case is in issue, the trial court may not refuse to charge the jury that "The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although, without it, the other evidence would be convincing."

In the opinion to which this petition for rehearing is directed, we did not deal with this feature at all, stating specifically that discussion of the trial court's charge on the subject was omitted. Neither approving nor disapproving Moore over Holland with respect to this point, it is sufficient to say that nothing in Moore is inconsistent with our conclusion that the court below committed error in refusing to admit the proffered evidence as to appellant's good character, and we adhere to the views set forth in the opinion.

The petition for rehearing is Denied.

---

1. In Michelson at page 476, of 335 U.S., at page 218 of 69 S.Ct., the Supreme Court referred to 1 Wigmore, Evidence,

3 Ed., 1940, § 56, where the subject is fully treated from a historical standpoint.