### Richmond

WARREN EDWARD BARLOW

V.

COMMONWEALTH OF VIRGINIA

December 3, 1982.

Record No. 811623.

Present: All the Justices.

*Edward L. Chambers, Jr. (Smiley, Schultz & Chambers,* on brief), for appellant.

*J. Steven Sheppard, III, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

PER CURIAM.

Warren Edward Barlow, a 19-year-old restaurant employee, was indicted for the murder of his 57-year-old father. Entering a plea of not guilty, Barlow admitted the shooting, but claimed self-defense. A jury found him guilty of murder in the second degree and sentenced him to 20 years in the penitentiary. There was a simultaneous conviction for the use of a firearm in the commission of murder, and Barlow was sentenced to one year in prison. This opinion will dispose of both convictions.

The sole issue before us is whether the lower court erred in excluding evidence of good character proffered by the defense. During the trial, Rashid Shabazz, a social worker with the York County Social Services, was called as a witness for the defense. Out of the presence of the jury, the following dialogue occurred:

[Defense Attorney]: Are you aware of the defendant's general reputation for violent behavior in the community?

[Shabazz]: Yes, sir.

[Defense Attorney]: And what is that reputation?

[Shabazz]: He has no reputation for violent behavior in the community.

. . . .

[Comm's. Attorney]: Well, I would object to that.

Court: The reputation for violence in the community of the victim is admissible to explain the reaction of the defendant at the time. But the defendant's reputation for violence is not admissible. So I'll sustain that objection.

. . . .

[After the jury returned to the courtroom, Shabazz testified further:]

[Defense Attorney]: Mr. Shabazz, are you aware of the defendant's reputation for honesty, the defendant, that is Warren Barlow, are you aware of his reputation for honesty and veracity in the community?

[Shabazz]: Yes, sir.

[Defense Attorney]: And what is that reputation?

[Shabazz]: He has a reputation for being very honest and hard-working in the community.

■ Text writers and persuasive precedents indicate generally that the accused may offer evidence of his good character for the trait involved in the particular prosecution. *McCormick on Evidence* § 191 at 454-55 (E. Cleary 2d ed. 1972); *Michelson* v. *United States,* 335 U.S. 469, 476 (1948). The prevailing rule in Virginia is to the same effect. *Roach* v. *Commonwealth,* 157 Va. 954, 961, 162 S.E. 50, 52 (1932).

■ The Attorney General contends that Barlow did not make a proper proffer of the character evidence. He reasons that proof that the defendant did not have any reputation for violence is not the equivalent of having a reputation for being a peaceable, law-abiding citizen, citing *People* v. *Wolski,* 83 Ill.App.3d 17, 403 N.E.2d 528 (1980), *cert. denied,* 450 U.S. 915 (1981). In that murder case, the defendant, on appeal to the Appellate Court of Illinois, Second District, assigned as error the trial court's exclusion of his evidence as to his reputation for violence in the community.

Specifically, in *Wolski,* the witness was asked by the defense attorney as to the defendant's "reputation in the community for violence." The witness replied, "I wouldn't know of any." The defense attorney then asked, "[W]hat is [defendant's] community reputation whether you know of any or not?" To this query, the defense witness stated, "I would say good." 83 Ill.App.3d at 29,

403 N.E.2d at 537. The trial court then granted the prosecution's request to strike this line of testimony in its entirety. The Illinois court went on to state:

> Defendant now argues this was testimony as to his reputation for peacefulness to which he was entitled.
> We find no error in the court's ruling. Where an accused is charged with a crime of violence, as here, evidence of his good reputation for peacefulness is relevant . . . , but one cannot, however, have a good reputation for violence.

83 Ill.App.3d at 29, 403 N.E.2d at 537.

We do not believe that the case should be controlled by such semantical subtleties. If the attorney had phrased the question differently and inquired as to general reputation for violence or nonviolence, the import of the response would have been the same.

This issue arose in *Seabrook v. State,* 348 So.2d 663, 664 (Fla.Dist.Ct.App. 1977), where the Florida court said:

> Certainly one's lack of propensity toward violence is relevant to the trait of violence inherent in the commission of an aggravated battery or aggravated assault; so the trial court's refusal to allow testimony as to appellant's reputation with respect to that trait was error.

■ Lastly, the Attorney General asserts that character evidence is irrelevant since Barlow, through his plea of self-defense, admitted that he committed the physical act of shooting his father.[1] It is true that the admissibility of character evidence is grounded upon the premise of improbability of guilt by such a person, but a concession of the physical act which occurred is not synonymous with a concession of guilt. A specific intent is an indispensable element of the murder, and character evidence may tend to negate the existence of the *mens rea.*

---

[1] As authority, the Attorney General cites 1 Wigmore, *Evidence* § 56 (3d Ed. & Supp. 1981). But he did not pursue the citation far enough. 1 Wigmore, *Evidence* § 53(3) states:
> Where the doing of the act charged is not in dispute, because conceded, it has been said that character no longer has any probative function, and should not be received, since it certainly cannot be set up merely in excuse. But, after all, so far as in criminal cases the criminal intent remains in issue, *the good character of the defendant may be regarded as always relevant to disprove it; and the better way seems to admit it.* [Emphasis added.]

■ We do not agree with the Attorney General's contention that the exclusion of this character evidence was harmless error. It is true that the defendant established a reputation for being honest and hard-working. But this goes to his credibility as a witness and not the trait of violence *vel non. See Carnley* v. *United States,* 274 F.2d 68, 69 (5th Cir. 1960).[2] It is also true that on cross-examination the investigating state trooper testified that to his knowledge the defendant had never been involved in any criminal activity at all, but this involves specific acts, or the absence of them, and not the reputation of the defendant.

We conclude that the trial court committed reversible error in excluding character evidence proffered by the defendant. Thus, we reverse both convictions and remand the cases to the trial court for a new trial consistent with the views herein expressed.

*Reversed and remanded.*

---

[2] In *Carnley,* 274 F.2d at 69, the court said:

We do not think that the error in refusing to permit proof as to the appellant's reputation for honesty was cured by letting in proof of his reputation for truth and veracity. Such proof is traditionally admitted where there is question whether a witness has testified truthfully. It was important that the appellant here have the benefit of testimony concerning the trait involved here in the offense with which he was charged . . . .