## Richmond

ERMOND LACY CHILES

v.

COMMONWEALTH OF VIRGINIA

No. 1217-89-2

Decided July 1, 1991

COUNSEL

Steven D. Benjamin, for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Ermond Lacy Chiles appeals his convictions for distribution of heroin in violation of Code § 18.2-248 and conspiracy to distribute heroin in violation of Code §§ 18.2-248 and 18.2-256. Chiles claims the trial court erred when it refused to allow him to introduce evidence of his good character. We conclude that the testimony Chiles sought to introduce was not proper evidence of good character, and that the trial court's ruling was, therefore, correct. Accordingly, we affirm his convictions.

Chiles operated a convenience store in the City of Richmond. The corroborated evidence against him was that he had made a heroin sale from that store with the help of an employee, Yvonne Green. Green testified that she often sold heroin for Chiles at his request. Before Chiles took the stand, defense counsel called three witnesses who lived near the store to testify to Chiles' good reputation in the neighborhood. The trial court permitted each witness to testify that Chiles had a good reputation but refused to allow them to answer whether they had "ever heard anyone say that Chiles deals drugs."

An accused has the right to introduce evidence of his good character. *See Roach v. Commonwealth*, 157 Va. 954, 961, 162

S.E. 50, 52 (1932). "The accused, in order to establish good character, is not permitted to prove specific acts, custom or course of conduct." *Zirkle v. Commonwealth*, 189 Va. 862, 871, 55 S.E.2d 24, 29 (1949); *see also Fields v. Commonwealth*, 2 Va. App. 300, 306, 343 S.E.2d 379, 382 (1986). The witnesses called may not testify to their own personal opinion of the accused, or to a special reputation of him formed upon a single occasion. C. Friend, *The Law of Evidence in Virginia* § 49 (3d ed. 1988). The evidence must, instead, be confined to the reputation of the accused for possessing traits which are related to the crime charged. *Barlow v. Commonwealth*, 224 Va. 338, 340, 297 S.E.2d 645, 646 (1982). "Reputation" is considered to be the "consensus of opinion of the people of the community," which is created by the "sum total" of the specific acts, custom, and conduct of the accused. *Zirkle*, 189 Va. at 871, 55 S.E.2d at 29; *see* C. Friend, *supra*, at § 39.

The testimony which Chiles sought to introduce in this case involved specific acts, customs, or course of conduct. The witnesses were asked to testify whether they had ever "heard anyone say" Chiles had sold drugs or whether it was his custom or course of conduct to sell drugs. The testimony was properly excluded.

■ Reputation evidence may be in the form of negative testimony. A witness may testify that he or she has never heard that the accused has the reputation of possessing a certain trait. 29 Am. Jur. 2d *Evidence* § 349 (1967). "Negative evidence of good character is admitted on the theory that his reputation is presumed to be good where 'no slanderer has ever ventured even so much as to question it.'" *Zirkle*, 189 Va. at 871-72, 55 S.E.2d at 29-30. We hold, however, that negative evidence of good character must also be in the form of general reputation as it pertains to pertinent character traits and not in the form of testimony as to specific acts. *See* Annotation, *Negative Proof of Good Character or Reputation of Defendant in Criminal Case*, 67 A.L.R. 1210 (1930). The testimony Chiles sought to introduce concerning specific acts or course of conduct was, therefore, not in the proper form to qualify as negative evidence of good character or reputation.

For these reasons, the decision of the trial court is affirmed.

*Affirmed.*

Baker, J., and Benton, J., concurred.