Alexandria

MARTIN JOSEPH MOSTYN

v.

COMMONWEALTH OF VIRGINIA

No. 2019-90-4

Decided July 28, 1992

COUNSEL

Sammy S. Knight (Hyatt Legal Services, on briefs), for appellant.

Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

OPINION

**BRAY, J.**—Martin Joseph Mostyn (defendant) was convicted of possession of cocaine and sentenced to thirty days in jail, all of which was suspended. Defendant denied the charge and, on appeal, contends that (1) the original certificate of analysis (certificate) was not "on file with the Clerk's office seven days immediately prior to trial" in accordance with Code § 19.2-187 and, thus, a photocopy of the certificate was improperly admitted into evidence, and (2) the trial court erred in refusing evidence of defendant's reputation for truth and veracity and for "not using drugs." We disagree and affirm the conviction.

The record discloses that police officers observed defendant "crouched down" on the passenger side of a pickup truck, holding a can in his hand, and "lighting" and smoking "what was . . . on the can." Defendant was seen passing the can to the driver, who did "the same thing." The officers then approached the vehicle, removed its occupants, and discovered a "beer can . . . shaped into a crack pipe" "under the seat."

The original certificate, which identified a residue in the can as cocaine, was filed with the clerk of the trial court on January 23, 1990, and defendant was advised of the filing at his preliminary hearing on April 3, 1990. This certificate, however, was destroyed by a fire at the courthouse on May 22, 1990.

When the Commonwealth offered a photocopy of the certificate into evidence at defendant's subsequent trial, he objected, complaining that, although previously provided a copy, he had "never been given access to the original certificate." The court, noting that "the original was available for public inspection from January 23, 1990, until approximately May 22, 1990," overruled the objection and received the photocopy.

Defendant, a corporal in the United States Marine Corps, called his superior officer, Master Sergeant Willis Frazer, Jr., as a witness and defense counsel questioned Frazer on defendant's "reputation for truthfulness." Before Frazer responded, however, the trial judge, *sua sponte*, made several inquiries of the witness relating to his sources of information in the preparation of "fitness reports." When Frazer explained that he relied on both his "own" judgment and that of "others," the trial judge declared that, "No witness can say that another witness is either truthful or untruthful. That's for the jury." Defense counsel did not pursue this issue further and proffered no evidence for the record.

Counsel next asked Frazer to specifically relate defendant's "reputation regarding the use of drugs," explaining that he was "trying to establish [defendant's] character as not using drugs." The trial judge again interrupted and refused to permit the witness to express an "opinion as to whether the man (defendant) was or was not using a certain substance on a certain date."

■ We turn first to defendant's contention that Code § 19.2-187 mandates that the original certificate be lodged in the clerk's office "within the seven days prior" to trial. Although we must "construe Code § 19.2-187 strictly against the Commonwealth and in favor of the accused," the "statute only requires that the certificate be *filed*." *Carter v. Commonwealth*, 12 Va. App. 156, 158, 403 S.E.2d 360, 361 (1991) (emphasis added). "The first paragraph of Code § 19.2-187 sets forth a specific statement of admissibility of certificates of laboratory analysis subject to provisos expressly stated and numbered (i) and (ii). When those

provisos are satisfied, the statement of admissibility is complete, and a certificate thus qualified is properly received into evidence."[1] *Stokes v. Commonwealth*, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991).

■ This Court has recognized that the purpose of the statute "is to ensure that the certificate . . . is lodged timely in a secure and appropriate place, accessible to the accused, and available to him upon request." *Id.* There is no indication that the legislature intended that the filing requirements of the statute relate only to the seven consecutive days immediately preceding a hearing or trial. *See Mullins v. Commonwealth*, 12 Va. App 372, 373, 404 S.E.2d 237, 238 (1991); *Allen v. Commonwealth*, 3 Va. App. 657, 664, 353 S.E.2d 162, 166 (1987). As the trial judge observed, the certificate was filed and available to the defendant from January 23, 1990, until its destruction on May 22, 1990, "at least seven days prior to . . . trial." Code § 19.2-187. Thus, the conditions of the statute were satisfied.

Defendant next argues that Code § 19.2-187 references only the original certificate, and the trial court erred in admitting the photocopy. This Court considered "whether a copy of the certificate of analysis qualifies as an original" in *Myrick v. Commonwealth*, 13 Va. App. 333, 338, 412 S.E.2d 176, 179 (1991). Myrick complained that "the filing requirements of Code § 19.2-187 had not been met because the certificate filed with the trial court was a copy and not the original." *Id.* at 336, 412 S.E.2d at 177. We addressed this objection as "a 'best evidence' question," and noted that the best evidence rule requires that, to prove the contents of a document, the "original must be produced unless it be shown that the original is unavailable, in which case secondary evidence may be introduced." *Id.* at 339, 412 S.E.2d at 179; *Butts v. Commonwealth*, 145 Va. 800, 816, 133 S.E. 764, 769 (1926).

In the instant case, the original certificate was clearly "unavailable" and, like Myrick, defendant did not contend that "the copy was not an accurate photocopy or was not a replica of the original," or make any "assertion . . . that the photocopy contained

---

[1] Code § 19.2-187 provides, in pertinent part: "provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered . . . to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel."

any omissions, additions, deletions or inaccuracies." *Myrick*, 13 Va. App. at 338, 412 S.E.2d at 179. He complained only that there had been no "access to the original."² *Id.* at 338, 412 S.E.2d at 179. Moreover, an officer involved in the investigation testified that he had seen the original certificate and filed it himself with the "clerk's office" and identified the photocopy as "the certificate of analysis" that related to defendant's prosecution. Under such circumstances, the best evidence rule was satisfied and the trial court did not err in admitting the photocopy in lieu of the original certificate.

■ We next address defendant's assertion that the trial court erred in declining to admit evidence of his "reputation for truthfulness." "When . . . evidence is rejected, it is incumbent upon the proponent of the evidence to make a proffer of the expected answer." *Speller v. Commonwealth*, 2 Va. App. 437, 440, 345 S.E.2d 542, 545 (1986). An "appellate court has no basis for adjudication unless the record reflects a proper proffer." *Whittaker v. Commonwealth*, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977). As the record now before the Court does not reflect a proffer by defendant of the excluded testimony, we are precluded from a consideration of this issue on appeal. *See O'Dell v. Commonwealth*, 234 Va. 672, 697, 364 S.E.2d 491, 505 (1988); *Barrett v. Commonwealth*, 231 Va. 102, 108, 341 S.E.2d 190, 194 (1986); *Speller*, 2 Va. App. at 440, 345 S.E.2d at 545.

■ Lastly, defendant contends that the trial court erred in refusing to admit evidence of his reputation for "not using drugs." It is well established that a criminal defendant has the right to introduce evidence of his good character "on the theory that it is improbable that a person who bears a good reputation would be likely to commit the crime charged against him." *Zirkle v. Commonwealth*, 189 Va. 862, 871, 55 S.E.2d 24, 29 (1949).³ However, a defendant may not prove "good reputation" through evidence of "specific acts, custom or course of conduct." *Id.*; *Fields v. Commonwealth*, 2 Va. App. 300, 306, 343 S.E.2d 379, 383 (1986).

---

² The record discloses that defendant requested the clerk to provide a copy of the certificate pursuant to Code § 19.2-187, and he does not argue noncompliance. *See Mullins*, 12 Va. App. at 374, 404 S.E.2d at 238.

³ In legal "parlance," character and reputation are often used interchangeably, but "character is what one really is; reputation is what others believe him to be." *Id.* at 871, 55 S.E.2d at 29 (quoting Henry Ward Beecher).

This Court recently examined such evidence in *Chiles v. Commonwealth*, 12 Va. App. 698, 406 S.E.2d 413 (1991). There, the trial court had "refused to allow [Chiles' witnesses] to answer whether they had 'ever heard anyone say that Chiles deals drugs.' " *Id.* at 699, 406 S.E.2d at 414. We acknowledged that a witness may testify "to the reputation of the accused for possessing traits . . . related to the crime charged," as evidence of the " 'consensus of opinion of the people of the community,' which is created by the '*sum total*' of [the accused's] specific acts, custom, and conduct." *Id.* at 700, 406 S.E.2d at 414 (quoting *Zirkle*, 189 Va. at 871, 55 S.E.2d at 29) (emphasis added). However, testimony of Chiles' reputation for "deal[ing] drugs" improperly invited evidence of "specific acts, customs, or course of conduct," behavior that may have only been a part of the sum total of his reputation and, thus, was inadmissible. *Id.* Defendant's reputation for "not using drugs" contemplated similar evidence and was correctly refused by the trial court.

Accordingly, the decision of the trial court is affirmed.

*Affirmed.*

Moon, J., and Elder, J., concurred.