CHARLIE EDWARD PURDY II

v.

COMMONWEALTH OF VIRGINIA

No. 1796-91-2

Decided April 6, 1993

COUNSEL

Edward S. Whitlock, III (Stuart A. Simon & Associates, on brief), for appellant.

Robert H. Anderson, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**MOON, J.**—Charlie Edward Purdy II appeals his conviction of attempting to possess cocaine. He contends that the evidence was insufficient to support the conviction. We disagree and affirm.

On March 1, 1991, officers of the Chesterfield County Police Department operated a "sting" operation at the Bermuda Run Apartment complex in Chesterfield County, which was known to the police as a site for illegal drug transactions. During the course of the day, several officers made "reverse buys," in which they pretended to sell cocaine to would-be customers. They were distributing wax made to resemble crack cocaine and packaged, according to the evidence, in vials as if it were cocaine.

At approximately 6:25 p.m., a pickup truck with three men drove by the automobile of undercover Officer Skinner of the Chesterfield County Police Department. Three men sat on the truck's front seat; the appellant, Charles Purdy, sat on the passenger side. The three approached Skinner, looked at him, and drove away. Approximately ten minutes later, the same truck came back and pulled into a parking space near Skinner's vehicle.

Skinner approached the truck, and the driver told Skinner to go to the other side and talk to the appellant. Appellant told Skinner that he "needed two" but only had a twenty dollar bill. Skinner stated that he was "selling them for ten dollars apiece." Skinner then showed appellant two vials that contained wax made to resemble crack cocaine. Appellant asked whether it was "good stuff," and Skinner stated that it was "probably the best you'll find in the area." The appellant purchased the two vials for twenty dollars, and Skinner left. Skinner testified that the wax "resembled" crack cocaine, and was packaged like crack cocaine.

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

*Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (citation omitted).

In *United States v. Pennell*, 737 F.2d 521 (6th Cir. 1984), *cert. denied*, 469 U.S. 1158 (1985), the United States Court of Appeals for the Sixth Circuit was confronted with substantially the same issue that we face here: whether a defendant can be convicted of attempted possession of a controlled substance in a "reverse buy" situation where the substance bought is not actually a controlled substance. The court in *Pennell* held that "the purchase of a noncontrolled substance that the defendant subjectively believes to be a controlled substance can constitute an attempt to possess with intent to distribute under [the federal statute]," provided the government "prove[s] the defendant's subjective intent to purchase (or sell) *actual* narcotics beyond a reasonable doubt." *Id*. at 525. The court articulated the following test:

In order for a defendant to be guilty of a criminal attempt, the objective acts performed, without any reliance on the accompanying *mens rea*, [must] mark the defendant's conduct as criminal in nature. The acts should be unique rather than so common place that they are engaged in by persons not in violation of the law. In other words, the defendant's objective conduct, taken as a whole, must unequivocally corroborate the required subjective intent to purchase or sell actual narcotics.

*Id*. (citations omitted). *See also United States v. Everett*, 700 F.2d 900, 907-08 (3d Cir. 1983).

Although *Pennell* dealt with attempted possession under the federal statute and the cases construing it, its rationale is persuasive. Thus, we hold that persons may be convicted of attempted possession of a controlled substance when they purchase "fake" narcotics from police officers posing as dealers, provided their objective conduct, taken as a whole, "unequivocally corroborate[s] the required subjective intent to purchase or sell actual narcotics." *Pennell*, 737 F.2d at 525.

Here, sufficient evidence supports the defendant's conviction for attempted possession of cocaine. The evidence establishes the following: The police set up the "sting" operation in an area known to the

police as a high drug-trafficking area; they were pretending to sell crack cocaine. Appellant approached an undercover officer in the complex, looked at him, and then drove away with two other men. The truck returned ten minutes later. The officer approached the truck and was directed to speak with appellant. Appellant stated he "needed two;" the officer stated he was selling them for "ten dollars apiece." The officer showed appellant two vials with wax that resembled and was packaged as crack cocaine. No evidence was presented that it resembled anything other than cocaine. Appellant asked if the substance was "good stuff." Upon assurance that the substance was "the best," appellant purchased it.

We hold that this evidence sufficiently corroborates the defendant's subjective intent to purchase cocaine. The defendant's actions are not "so commonplace that they are engaged in by persons not in violation of the law." Persons engaged in lawful activity do not ordinarily tell strangers that they "need two" vials of an unknown substance, ask if the substance is "good stuff," and then purchase the substance for twenty dollars without asking specifically what they are purchasing. Such conduct is indicative of a subjective intent to purchase a controlled substance.

Appellant's suggested hypothesis of innocence does not flow from the evidence. No evidence supports it. The evidence supports the hypothesis of guilt—that appellant was attempting to purchase cocaine as crack cocaine. Appellant saw the two vials of wax and, by their appearance, the judge could infer that appellant immediately recognized them as crack cocaine. On appeal, we only need to find that the judgment is supported by credible evidence and is not plainly wrong. We need not force the Commonwealth "to exclude every *possible* theory or surmise presented by the defendant." *Id.* (emphasis added).

Accordingly, we affirm the conviction.

*Affirmed.*

Barrow, J., and Elder, J., concurred.