CALVIN SMITH

v.

COMMONWEALTH OF VIRGINIA

No. 0320-92-1

Decided June 22, 1993

COUNSEL

Theresa B. Berry (Office of the Public Defender, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Calvin Smith was convicted of attempted possession of cocaine. He contends that the evidence was insufficient to support the conviction. For the reasons that follow, we reverse the conviction.

## I.

The evidence proved that a police officer dressed in plain clothes walked along a street in the City of Virginia Beach at 10:20 p.m. posing as a street level drug dealer. The officer had in his possession macadamia nuts that he said were "cut to resemble crack cocaine." When an automobile driven by Smith slowly approached the officer, the officer walked to the passenger side window and inquired, "What do you want?" The passenger stated "a twenty and a fifty." When the officer repeated his inquiry, Smith responded "a twenty and a fifty."

The officer obtained a macadamia nut from his pocket and gave it to the passenger. When Smith said he wanted a fifty, the officer obtained a second macadamia nut from his pocket and gave it to the passenger. Smith took the passenger's hand, pulled it close to his face, and looked at the macadamia nuts. Smith then reached into his pocket and retrieved money. As he was doing so, the flashing blue light of a police vehicle was turned on. The passenger then threw the macadamia nuts out the window. Smith attempted to drive away, but he was stopped and arrested. On these facts, Smith was indicted and convicted of attempted possession of cocaine in violation of Code §§ 18.2-250, 18.2-257, 54.1-3446 to 54.1-3452.

## II.

In a prosecution for an attempt to commit a crime, the Commonwealth must prove the accused had a specific intent to commit that crime. *Howard v. Commonwealth*, 221 Va. 904, 906, 275 S.E.2d 602, 603 (1981). Moreover, to convict an accused of possession of a particular unlawful substance, the Commonwealth must

prove the accused was aware of the character of the particular substance at issue. *Clodfelter v. Commonwealth*, 218 Va. 619, 622, 238 S.E.2d 820, 822 (1977). " '[T]he purchase of a noncontrolled substance that the defendant subjectively believes to be a controlled substance can constitute an attempt to possess. . .' provided the government 'prove[s] the defendant's subjective intent to purchase . . . actual narcotics beyond a reasonable doubt.' " *Purdy v. Commonwealth*, 16 Va. App. 209, 211, 429 S.E.2d 34, 36 (1993) (quoting *United States v. Pennell*, 737 F.2d 521, 525 (6th Cir. 1984), *cert. denied*, 469 U.S. 1158 (1985)).

The Commonwealth contends that because the officer testified that the macadamia nuts were "cut to resemble crack cocaine," the Commonwealth met its burden of proving beyond a reasonable doubt that Smith intended to purchase cocaine. We disagree. In *Pennell*, the Court upheld a conviction for attempted possession of cocaine. In that case, however, there was no ambiguity concerning the substance that Pennell intended to purchase. The facts are replete with specific references to cocaine by Pennell and the federal agents. *See Pennell*, 737 F.2d at 523-26. Although the federal agents used a fake substance, the substance Pennell sought was not referred to as anything other than cocaine.

In *Purdy*, a panel of this Court recently held that a defendant could be convicted of attempted possession of cocaine where the defendant actually purchased two vials of a wax substance that was packaged like crack cocaine and that resembled crack cocaine. Significantly, the panel held that the two vials of wax were introduced at trial "and, by their appearance, the judge could infer [that] appellant immediately recognized them as crack cocaine." 16 Va. App. at 212, 429 S.E.2d at 36.

No evidence in this case proved that either Smith or the officer referred to the macadamia nuts by any name or terminology that would permit the jury to conclude beyond a reasonable doubt that Smith intended to possess cocaine. The record contains no proof that the words "a twenty and a fifty" are terminology that denotes the usual saleable quantity of cocaine. No evidence was before the jury from which the

jury could determine that the macadamia nuts were of a type, substance, and texture that gave the appearance of crack cocaine. Consequently, the evidence is insufficient to prove beyond a reasonable doubt Smith's subjective intent to possess cocaine.

Accordingly, we reverse the conviction and dismiss the indictment.

*Reversed and dismissed.*

Baker, J., and Barrow, J., concurred.