COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia


FRANCISCO SAUCEDO, S/K/A
 FRANCISCO ZUNIGA SAUCEDO

v.          Record No. 1978-94-1      MEMORANDUM OPINION[*]
                                    BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                 JULY 5, 1995


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Frederick B. Lowe, Judge

        Brandon Baade, Assistant Public Defender
        (Office of the Public Defender, on brief),
        for appellant.

        Katherine P. Baldwin, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


        Francisco Zuniga Saucedo was convicted in a bench trial of

taking indecent liberties with his thirteen-year-old daughter.

The only issue on appeal is whether the trial judge erred by

refusing to permit defense counsel to ask the thirteen-year-old

victim whether she told the prosecutor that she wanted to drop

the charges against her father.  Because the appellant failed to

proffer her answer to the question for the record, we are not

able to determine whether her answer would have been relevant or

material.

        On New Year's Eve, Francisco Saucedo spent the evening at

home with his wife and children.  At bedtime, all of Saucedo's

---

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

family retired to their respective bedrooms, except the thirteen-year-old daughter, who fell asleep on the family room sofa. During the night, the daughter was awakened by the pressure of her father on top of her. Her panties and shorts were partially down, and her father was feeling her breasts. She told her father to get off her. He told her to be quiet. She pushed him away and went to her bedroom. Saucedo was subsequently charged with aggravated sexual battery, attempted rape, child neglect, and taking indecent liberties. The trial court convicted him of taking indecent liberties, and this appeal followed.

On cross-examination of the daughter, defense counsel asked her about conversations she had with a social worker. She acknowledged that she had told the social worker that she wanted to drop the charges against her father. Defense counsel then asked, "[d]id you inform Mr. Zanin [the prosecutor] you wanted to drop the charges." The trial court sustained the Commonwealth's attorney's objection to the question, holding that it was not relevant whether the thirteen-year-old daughter wanted to drop the charges. The appellant argued that the answer would have been relevant because it would have shown bias or prejudice and, therefore, was exculpatory.

"When an objection is sustained and evidence is rejected, it is incumbent upon the proponent of the evidence to make a proffer of the expected answer; otherwise, the appellate court has no

means of determining if the evidence is material or otherwise admissible." Speller v. Commonwealth, 2 Va. App. 437, 440, 345 S.E.2d 542, 545 (1986); see also Mostyn v. Commonwealth, 14 Va. App. 920, 924, 420 S.E.2d 519, 521 (1992); Smith v. Hylton, 14 Va. App. 354, 357-58, 416 S.E.2d 712, 715 (1992).

Although the appellant contends that the victim's answer would have shown bias and, thus, would have provided exculpatory evidence, we have no basis for examining that claim. See Spencer v. Commonwealth, 238 Va. 295, 305, 385 S.E.2d 785, 792 (1989), cert. denied, 493 U.S. 1093 (1990); see also Mackall v. Commonwealth, 236 Va. 240, 256-57, 372 S.E.2d 759, 769, cert. denied, 492 U.S. 925 (1988); Barrett v. Commonwealth, 231 Va. 102, 108, 341 S.E.2d 190, 194 (1986). The appellant's failure to proffer the victim's answer precludes us from reviewing the issue. Moreover, to the extent that the victim may have expressed that sentiment to others in general, and assuming that her sentiment along that line was relevant and admissible, evidence that she expressed that sentiment to a social worker was received in evidence without objection.

We, therefore, affirm the appellant's conviction.

Affirmed.