COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Koontz and Senior Judge Hodges
Argued at Salem, Virginia

RAYMOND NMN BLACKWELL

v.      Record No. 0124-94-3                 MEMORANDUM OPINION[*]
                                        BY JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                     JULY 25, 1995

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Philip B. Baker (Joseph A. Sanzone Associates, on
brief), for appellant.

Robert B. Beasley, Jr., Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Raymond Blackwell (appellant) appeals his conviction for
possessing cocaine.  On appeal, he challenges the sufficiency of
the evidence to support his conviction, the admissibility of the
certificate of analysis, the validity of the search warrant, and
the trial judge's denial of his motion for the production of a
sample of the cocaine seized from his person.  We hold that the
trial court erred in denying the appellant's motion to produce a
sample of the seized substance for testing.  Accordingly, we
reverse the conviction and remand the case for such further
proceedings as the Commonwealth may be advised.

I.

"On appeal, we review the evidence in the light most
favorable to the Commonwealth, granting to it all reasonable

---

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On July 14, 1993, Lynchburg police officers executed a search warrant upon appellant, whom they found standing on a street corner.  As the officers approached appellant, he dropped a cellular phone behind a nearby retaining wall and fell to the ground.  While searching appellant, the police found small crumbs they believed to be cocaine in appellant's right front pants pocket.  In his left rear pants pocket was $638 in cash.

The certificate of analysis returned by the Commonwealth's laboratory reflected that the substance in appellant's pocket was an unspecified amount of cocaine.  The substance was not field tested at the time of the search because the amount seized was too small.

Officer Dance, who participated in the search of appellant, testified that crack cocaine like that found in appellant's pocket is not sticky, but does tend to flake or fragment.  Dance stated that sometimes crack cocaine is handled freely without a bag.

## II.

Appellant filed a pretrial motion to require the Commonwealth to produce a sample of the substance seized from his pocket to have an independent analysis performed at his own expense.

"'[T]here is no general constitutional right to discovery in a criminal case.'  Rule 3A:11 provides for limited pretrial

discovery by a defendant in a felony case."  Ramirez v.

Commonwealth, 20 Va. App. 292, 294-95, 456 S.E.2d 531, 532 (1995)

(citations omitted).  Rule 3A:11 provides in part:

> Upon written motion of an accused a court
> shall order the Commonwealth's attorney to
> permit the accused to inspect . . . tangible
> objects . . . that are within the possession,
> custody, or control of the Commonwealth, upon
> a showing that the items sought may be
> material to the preparation of his defense
> and that the request is reasonable.

Rule 3A:11(b)(2).

Rule 3A:11 does not limit the term "inspect" to only

inspections that are performed visually.  In fact, a simple

viewing of a controlled substance may or may not reveal its true

character.  Such is the case with crack cocaine, which can be

confused with innocuous items.  See, e.g., Smith v. Commonwealth,

16 Va. App. 626, 432 S.E.2d 1 (1993) (macadamia nuts); Purdy v.

Commonwealth, 16 Va. App. 209, 429 S.E.2d 34 (1993) (waxy

substance).  Thus, for an "inspection" of a controlled substance

such as crack cocaine to be meaningful, it may include, in some

circumstances, the type of examination or testing performed in a

laboratory.[1]

In any event, appellant's right to "inspect" the material

seized from him was dependent upon a demonstration that his

request was both material to his preparation for trial and

reasonable.  Rule 3A:11.  In Ellis v. Commonwealth, 14 Va. App.

---

[1]Although it does not convey to a defendant the right to an
independent analysis, Code § 2.1-434.12 prescribes the conditions
under which such a reexamination of evidence may take place.

18, 21, 414 S.E.2d 615, 617 (1992), on appeal of the defendant's conviction for the possession of cocaine with the intent to distribute, this Court stated: "We cannot perceive a more material issue under the indictment pursuant to which appellant was tried than whether the substance found in his possession was in fact cocaine." We found that if the state's laboratory determines that a substance was cocaine, "[t]he accused is not required to accept that conclusion. He is entitled to challenge it and the Commonwealth is required to prove it beyond a reasonable doubt." Id. at 22, 414 S.E.2d at 617.

Both before and during trial, appellant consistently denied that the crumbs found in his pocket were cocaine. He testified that he believed the crumbs were from cookies or candy, not cocaine. Appellant disputed the results of the Commonwealth's testing contained in the certificate of analysis, and a reexamination of this evidence was material to the preparation of his defense. See id.

Moreover, appellant did not ask the Commonwealth to bear the expense of the testing. The motion stated that all associated costs of the procedure would be paid by appellant. Although the Commonwealth asserts that appellant was required to have a "technical or professional" basis for challenging the state's test, at the time of his motion appellant could provide the trial judge with no more than his own assertions in the absence of access to the substance itself. Under these circumstances, appellant's motion was reasonable, and Rule 3A:11 required that

-4-

the trial judge grant it.[2]

III.

With the exception of the question concerning the sufficiency of the evidence, we address the remaining issues because they may recur upon remand of the case. Code § 19.2-187 requires that the certificate of analysis be "filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial" and that a copy of it be mailed or delivered to the defendant or his attorney "at least seven days prior to the hearing or trial upon request of such counsel." Both requirements were satisfied in this case. Appellant contends, however, that the certificate was inadmissible because, although filed after his preliminary hearing, it was filed before the grand jury returned the indictment against him.

In Mostyn v. Commonwealth, 14 Va. App. 920, 420 S.E.2d 519 (1992), we found admissible a certificate of analysis filed in the circuit court prior to the defendant's preliminary hearing. We stated that Code § 19.2-287 "'sets forth a specific statement of admissibility of certificates of laboratory analysis subject to provisos expressly stated . . . . When those provisos are satisfied, the statement of admissibility is complete, and a

---

[2]Appellant also argues on appeal that his due process rights were violated because "it is uncertain as to whether the substance in such condition is even useable as cocaine." At the pretrial hearing, appellant agreed that his argument concerning the quantity of cocaine was premature. He did not raise this issue at trial, and the judge was never asked to rule upon it. Accordingly, this aspect of appellant's argument is barred by Rule 5A:18.

certificate thus qualified is properly received into evidence.'" Mostyn, 14 Va. App. at 922-23, 420 S.E.2d at 520 (quoting Stokes v. Commonwealth, 11 Va. App. 550, 552, 399 S.E.2d 453, 454 (1991)).

Code § 19.2-187 contains no requirement that the indictment precede the filing of the certificate. The provisos of the statute having been satisfied, the trial court did not err in admitting the certificate into evidence. See Mostyn, 14 Va. App. at 922-23, 420 S.E.2d at 520.

IV.

At the time of the search, appellant was served with a copy of the search warrant and the supporting affidavit. The copy of the affidavit did not contain the signature of the magistrate who issued the warrant. However, the original affidavit that was filed with the circuit court was signed by the magistrate. Appellant moved to suppress the evidence obtained in the search, arguing that the affidavit served on him did not comply with Code § 19.2-54 because it did not contain the magistrate's signature.

Code § 19.2-54 states that "[n]o search warrant shall be issued until there is filed" an affidavit providing probable cause. The statute further provides:

> Such affidavit shall be certified by the officer who issues such warrant and delivered by such officer or other officer or other officer authorized to certify such warrants to the clerk of the circuit court of the county or city wherein the search is made within seven days after the issuance of such warrant and shall by such clerk be preserved as a record and shall at all times be subject to inspection by the public . . . .

The original affidavit was certified by the magistrate and filed with the clerk of the circuit court. It complied with Code § 19.2-54 in all respects, and the warrant was valid. The police did not violate Code § 19.2-54 by serving appellant with an unsigned copy of the affidavit. The trial court properly denied the motion to suppress.

For the reason stated, the judgment of the trial court is reversed and this cause is remanded for such further action as the Commonwealth may be advised.

<u>Reversed and remanded</u>.