COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Elder and Fitzpatrick
Argued at Richmond, Virginia


WALTER LYNN SIMMONS

v.   Record No. 1782-94-2          MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA               DECEMBER 29, 1995


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     James E. Kulp, Judge

         Craig S. Cooley for appellant.

         Marla Graff Decker, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.


     Walter Lynn Simmons appeals his conviction for the rape of

Leticia Laster on April 16, 1994.  He claims that the evidence

was insufficient to support the conviction and that the trial

judge erred in excluding testimony concerning the victim's

reputation for truthfulness.  We find that the evidence was

sufficient and that the trial judge was correct in excluding the

evidence, and therefore affirm.

     The victim in this case was Mr. Simmons' eleven-year-old

stepdaughter.  The rape occurred at Simmons' home while his wife,

the victim's mother, was visiting family in New York.  Simmons

was convicted based on the testimony of the victim, who gave a

detailed account of the rape.  The victim told her mother about

the rape a few days after it occurred, and her mother informed

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Simmons' sister.  Both women testified about Simmons' statements concerning his contact with the victim, and this testimony corroborated the victim's account.  The nurse who examined the victim provided corroborating physical evidence.  The jury acquitted the defendant of an additional count of rape and of attempted sodomy.

When a defendant challenges the sufficiency of the evidence, we view the evidence "in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The credibility of the witnesses and the weight accorded their testimony are matters exclusively for the jury.  Gray v. Commonwealth, 233 Va. 313, 344, 356 S.E.2d 157, 174 (1985); Myers v. Commonwealth, 11 Va. App. 634, 635, 400 S.E.2d 803, 804 (1991).  It is the jury's function to weigh the evidence and resolve any conflicts in the evidence.  Lewis v. Commonwealth, 8 Va. App. 574, 582, 383 S.E.2d 736, 741 (1989) (en banc).

Simmons' attack on the sufficiency of the evidence is essentially an attack on the victim's credibility.  However, the jury has resolved this issue in favor of the victim.  That finding will not be disturbed on appeal unless as a matter of law, the victim's testimony was inherently incredible, or so contrary to human experience as to render it unworthy of belief.

Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984); Willis and Bell v. Commonwealth, 218 Va. 560, 563, 238 S.E.2d 811, 812-13 (1977).

The victim's testimony was not unbelievable as a matter of law, and in fact was corroborated by the testimony of other witnesses. Two of these witnesses recounted Simmons' own statements, which were highly incriminating. The evidence is sufficient to sustain the conviction for rape.

The defendant also claims that the trial court erred in excluding testimony about the victim's reputation for truthfulness. A trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion. Hunter v. Commonwealth, 15 Va. App. 717, 724, 427 S.E.2d 197, 202 (1993).

The defense attempted to introduce testimony by Cloe Wilson, a sixteen-year-old who lived with the victim and her family for two and one half months around the time of the rape. Ms. Wilson testified on voir dire that she had discussed the victim's reputation for truthfulness with the victim's mother and sister and with someone in the neighborhood, whom she did not name.

When evidence on reputation for truth is rejected, the proponent of the evidence must make a proffer of the expected answer in order to preserve the issue for appeal. Mostyn v. Commonwealth, 14 Va. App. 920, 924, 420 S.E.2d 519, 521 (1992). Although Simmons on voir dire of Ms. Wilson described the sources of her proposed testimony, he did not make a proffer of the

substance of the testimony.

We do not need to invoke the good cause or the ends of justice exception to waive the requirement of a proffer, because the trial judge clearly did not abuse his discretion in excluding this evidence. The testimony would have consisted primarily of the victim's reputation for truthfulness within her immediate family, with only one unidentified witness from the neighborhood. Testimony about truthfulness must concern the witness' "bad <u>general</u> reputation for truth and veracity in the community where he lives or works, or among his neighbors and acquaintances . . . ." <u>Clark v. Commonwealth</u>, 202 Va. 787, 789, 120 S.E.2d 270, 272 (1961) (emphasis added).[1] The trial judge in his discretion could have found that the testimony offered here had too narrow a basis to be admissible as evidence of the victim's

---

[1] The community from which a child's reputation is drawn may be more circumscribed than for an adult. <u>See</u> <u>Commonwealth v. Healey</u>, 27 Mass. App. Ct. 30, 39, 534 N.E.2d 301, 307 (Ct. App. 1989). However, the testimony concerning the child's reputation should emanate from an identifiable group, and the sources of the information on reputation should be sufficiently numerous to assure trustworthy testimony. <u>Id.</u> Here, given the nature of the proposed testimony, we do not need to identify the eleven-year-old victim's community for purposes of reputation testimony. It was well within the trial judge's discretion to decide that testimony based on information from only two family members, combined with one unidentified individual from the neighborhood, had too few sources to assure trustworthy testimony. <u>Compare</u> <u>Commonwealth v. Arthur</u>, 31 Mass. App. Ct. 178, 179-80, 575 N.E.2d 1147, 1148 (Ct. App. 1991) (evidence on reputation for truthfulness properly admitted where the impeaching witness identified a discrete community, <u>i.e.</u>, the victim's eighth grade class, and a substantial number of students within that community had expressed views to the witness about the victim's reputation for veracity.)

general reputation for truthfulness.  For these reasons, we affirm the defendant's conviction for rape.

<u>Affirmed.</u>