COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Annunziata, and Overton
Argued at Alexandria, Virginia


MICHAEL ROY FULLER

v.         Record No. 2520-93-4      MEMORANDUM OPINION[*] BY
                                      JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA

               FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                     Benjamin N. Kendrick, Judge

          Gail Starling Marshall, for appellant.

          Robert H. Anderson, III, Assistant Attorney General
          (James S. Gilmore, III, Attorney General; Richard B.
          Smith, Assistant Attorney General, on brief), for
          appellee.


     Michael Fuller appeals from his conviction of attempting to

obstruct justice in violation of Code § 18.2-460(B).  Fuller

contends that the trial court erred in (1) dismissing Fuller's

witness, (2) sustaining objections to defendant's questions as to

his reputation, and (3) failing to grant defendant's motion to

set aside the verdict of guilty as to the attempt to obstruct

justice as contrary to the law.  Finding no error, we affirm the

judgment of the trial court.

     Fuller was arrested after an altercation at the Stafford

County Sheriff's office and charged with carrying a concealed

weapon and attempting to obstruct justice.  The details of this

event were presented at trial and the parties are familiar with

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.
February 7, 2008

them.

At a jury trial, Fuller acted as his own counsel. He subpoenaed eight witnesses to testify on his behalf. Upon motion of the Commonwealth, the court asked Fuller to proffer the relevancy of the witnesses. Fuller gave a brief statement as to what each would say. After ensuring that the witnesses had nothing that addressed the Commonwealth's case, the judge released them. Fuller objected.

The release of the witnesses was not error. None of the subpoenaed witnesses was present when the incident at the Sheriff's office took place, and Fuller's proffer failed to show that they had any evidence that was material or favorable to his case. Absent such a showing, Fuller's rights were not violated. United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982); Howard v. Commonwealth, 6 Va. App. 132, 144, 367 S.E.2d 527, 534 (1988).

Fuller later attempted to elicit character evidence from his witnesses. The Commonwealth objected to Fuller's questions and was sustained. Fuller made no proffer as to what these witnesses would say. He asked questions that would have brought out inadmissible evidence, not concerning Fuller's good character for a trait involved in the particular prosecution. See Barlow v. Commonwealth, 224 Va. 338, 340, 297 S.E.2d 645, 646 (1982).

Without a proffer as to what the witnesses would have said, the denial of their testimony cannot constitute reversible error.

February 7, 2008

"[W]hen testimony is rejected before it is adjudicated, an appellate court has no basis for adjudication unless the record reflects a proper proffer." Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977). Absent such a proffer, the court cannot consider an error assigned to the rejection of unheard testimony. Id.

The jury convicted Fuller on the charge of attempting to obstruct justice. Fuller moved to set aside the verdict as being contrary to the law. The judge denied the motion.

On appeal Fuller argues that his actions as claimed by the Commonwealth do not violate Code § 18.2-460(B), which states:

> B. If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a judge, magistrate, justice, juror, witness, or any law-enforcement officer, lawfully engaged in the discharge of his duty, or to obstruct or impede the administration of justice in any court relating to a violation of or conspiracy to violate § 18.2-248 or § 18.2-248.1(a)(3), (b) or (c) he shall be guilty of a Class 5 felony.

Fuller argues that this section requires an affirmative, aggressive force directed against an officer and that such a force was not present here. We need not define the exact amount of action necessary to establish a violation of § 18.2-460(B). We do find, however, that Fuller's actions in this case sufficiently impeded the officers such that he violated the statute. Indeed, in closing argument at trial the defendant's assigned standby counsel argued that if the jury believed the Commonwealth's witnesses, then Fuller was guilty.

February 7, 2008

Because we find that the trial court committed no error and that the evidence supports a conviction under § 18.2-460(B), we will not disturb the judgment of the trial court.

<u>Affirmed.</u>

February 7, 2008