COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


SEAN MALCOLM PARKER
                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2409-95-1        JUDGE WILLIAM H. HODGES
                                         JANUARY 14, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      John E. Clarkson, Judge

            Walter B. Dalton for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     On appeal from his convictions of murder and use of a
firearm in the commission of a felony, Sean Malcolm Parker
contends that the trial court erred in refusing to allow Parker
to introduce a copy of the preliminary hearing transcript in
order to impeach a witness.  Because Parker failed to proffer the
transcript of the preliminary hearing, we affirm Parker's
convictions.

     At Parker's trial, Kevin McClammy testified that he was
riding in a car driven by the victim when a man shot into the
car, killing the victim.  Two days after the incident, McClammy
identified Parker as the shooter from a photographic lineup.
McClammy also positively identified Parker at the trial.

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On cross-examination, Parker's counsel referred McClammy to the preliminary hearing transcript, attempting to impeach McClammy with prior inconsistent statements made at the preliminary hearing. Parker's counsel moved for the admission of the preliminary hearing transcript, arguing that the jury "need[ed] the opportunity to review the statement in its entirety" because McClammy had testified inconsistently at trial.

The trial judge ruled that admitting the transcript would introduce "a lot of extraneous matter that ha[d] not been testified to" at the trial. The trial judge further stated, "You can question [McClammy] concerning [the preliminary hearing testimony] for purposes of impeachment of his testimony, but you cannot put the record in."

When Parker's counsel resumed his examination of McClammy, he made no further references to the preliminary hearing transcript. Parker's counsel did not proffer the preliminary hearing transcript for the record.

"An appellant must demonstrate that the excluded evidence is relevant and material and that the party was entitled to have it introduced in order to establish on appeal that the trial court erred by excluding it." Toro v. City of Norfolk, 14 Va. App. 244, 254, 416 S.E.2d 29, 35 (1992). "'When . . . evidence is rejected, it is incumbent upon the proponent of the evidence to make a proffer of the expected answer.' An 'appellate court has no basis for adjudication unless the record reflects a proper

proffer.'" <u>Mostyn v. Commonwealth</u>, 14 Va. App. 920, 924, 420 S.E.2d 519, 521 (1992) (citations omitted).

Thus, in order for this Court to determine whether the trial court erred in excluding the preliminary hearing transcript, the record must contain the contents of the transcript. However, the record before the Court does not reflect a proper proffer of the preliminary hearing transcript. Therefore, because Parker failed to present a complete record to this Court for proper review of the issue he raises, we are unable to rule on the merits of that issue, and we affirm the judgment of the trial court. <u>See</u> <u>Lowery v. Commonwealth</u>, 9 Va. App. 304, 308-09, 387 S.E.2d 508, 510 (1990).

<u>Affirmed</u>.