COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges McClanahan and Haley
Argued at Salem, Virginia


MICHAEL DEAN TURNER
                                                     MEMORANDUM OPINION* BY
v.        Record No. 1754-04-3                 JUDGE JAMES W. HALEY, JR.
                                                      SEPTEMBER 27, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                         Joseph W. Milam, Jr., Judge

            Joseph R. Winston, Special Appellate Counsel (Indigent Defense
            Commission, on briefs), for appellant.

            Donald E. Jeffrey, III, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


       Michael Dean Turner challenges the sufficiency of the evidence of his conviction for

attempted distribution of cocaine.  Finding the evidence sufficient, we affirm.

                                        I.

       Under familiar principles, we "review the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Moore v.

Commonwealth, 45 Va. App. 146, 149, 609 S.E.2d 74, 76 (2005); see also Lewis v

Commonwealth, 269 Va. 209, 211, 608 S.E.2d 907, 908 (2005); Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

       Additionally, we note:

            when a case is decided by a court without the intervention of a jury
            and a party objects to the decision on the ground that it is contrary
            to the evidence, the judgment of the trial court shall not be set

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it.

Code § 8.01-680.  See also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*).

## II.

On March 1, 2001, Officer Crystal G. Whitehead, formerly Crystal Bray, of the City of Danville Police Department was working undercover and assigned to make drug purchases throughout the City of Danville.  Around 2:30 p.m., Officer Whitehead approached Michael Dean Turner in the East Stokes area of the city.  Officer Whitehead testified that she handed Turner a twenty-dollar bill after he asked her if she wanted "a twenty."  Turner walked away with the officer's twenty-dollar bill.  Officer Whitehead expected "a twenty rock of crack cocaine" from the exchange.

Turner returned shortly thereafter and argued with Officer Whitehead over whether the money was "fake or not."  Turner then left again and was not seen again by Officer Whitehead.  Turner was arrested thereafter and charged with attempt to distribute cocaine and petit larceny.

A videotape of the incident was recorded from the portable camera in Officer Whitehead's vehicle and admitted without objection at trial.[1]  Officer Whitehead testified that she did not use the words crack, cocaine, or rock, but instead she used the term "twenty" and the phrase "Go get my shit."  Officer Whitehead testified that the term "twenty" means "a twenty rock of crack cocaine" and that she has never heard that term used for anything else in over a hundred different drug transactions spanning a year of undercover work.

Turner testified that he thought Whitehead wanted to buy marijuana "cause the spot that she came to sold weed."  Turner admitted that he intended to sell Whitehead marijuana, not cocaine.

---

[1] The videotape audio was apparently poor in quality.  Officer Whitehead continued to testify while the videotape was played.

Turner testified that he did not know that attempt to distribute cocaine was a more serious offense than attempt to sell marijuana. An attempt to sell cocaine, a Schedule II controlled substance, is a felony; an attempt to sell marijuana is a misdemeanor. See Code § 18.2-257.

III.

The sole issue here for resolution is whether a police officer's testimony that the street slang term "a twenty" means cocaine suffices to convict the defendant of an attempted sale of that drug.

This Court noted in Branche v. Commonwealth, 25 Va. App. 480, 491, 489 S.E.2d 692, 697 (1997) (criminal solicitation of oral sodomy): "Slang expressions . . . are well known and matters of common knowledge." This Court has often accepted slang expressions as definitions for specific drugs. See Johnson v. Commonwealth, 42 Va. App. 46, 48, 590 S.E.2d 75, 75 (2003) ("[she] told him how many 'grapes' (the street slang for morphine pills) she needed"); Cooper v. Commonwealth, 31 Va. App. 643, 646, 525 S.E.2d 72, 73 (2000) ("The officer asked if the substance was 'demo' which is slang for fake crack cocaine.").

The Supreme Court of Virginia has also recognized the use of slang or street names to define specific drugs. See Wolfe v. Commonwealth, 265 Va. 193, 199, 576 S.E.2d 471, 474 (2003) ("He regularly sold high-grade marijuana, referred to as 'kind bud' or 'chronic,' for a price between $ 4,200 and $ 5,000 per pound."); Rozier v. Commonwealth, 219 Va. 525, 527, 248 S.E.2d 789, 790 (1978) ("found eight pink pills . . . found to be preludin (street name 'Bam'), a heroin substitute").

In Cotter v. Commonwealth, 19 Va. App. 382, 482 S.E.2d 20 (1994), aff'd in part, rev'd in part on rehearing en banc, 21 Va. App. 453, 464 S.E.2d 566 (1995), this Court affirmed a conviction of attempted distribution of cocaine where "a police officer testified that the term '8-ball' is a slang term in the drug trade for a one-eighth ounce of cocaine." Id. at 384, 482 S.E.2d at 21. By contrast, this Court reversed a conviction where a defendant asked for "a twenty and a fifty" and was given

macadamia nuts by an officer which resembled crack cocaine.  Smith v. Commonwealth, 16 Va. App. 626, 627, 432 S.E.2d 1, 1-2 (1993).  In that case, "[t]he record contain[ed] no proof that the words 'a twenty and a fifty' are terminology that denotes the usable saleable quantity of cocaine."  Id. at 628, 432 S.E.2d at 4.

In the present case, Officer Whitehead testified that Turner asked her if she "want[ed] a twenty" and accepted her twenty-dollar bill.  Whitehead, an undercover officer who had conducted over one hundred drug purchases, testified that she had never heard this term, "a twenty," "used for anything else purchased on the street."  Thus, this matter is distinguishable from Smith, because here the record clearly established that the term "twenty" refers to cocaine.

Turner testified that he did not intend to sell Whitehead cocaine, instead admitting an attempt to sell her marijuana.  Turner also denied knowing that an attempt to sell cocaine is a more serious offense than an attempt to sell marijuana.  As this Court has frequently noted, "The credibility of the witnesses and the weight of the evidence are matters to be determined solely by the trier of fact."  Bailey v. Commonwealth, 38 Va. App. 794, 801, 586 S.E.2d 440, 444 (2002). See also Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989).  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  Accordingly, the trial court did not err in discarding Turner's testimony.

The trial judge found Turner guilty based on Officer Whitehead's testimony and the videotape of the exchange.  This Court has held, "[A] photograph [or videotape] should be received as a so-called silent witness or as a witness which 'speaks for itself.'"  Brooks v. Commonwealth, 15 Va. App. 407, 410, 424 S.E.2d 566, 569 (1992).  While the audio on the videotape was garbled, the trial judge found the video, in conjunction with Officer Whitehead's

testimony, sufficient evidence upon which to base the conviction. The trial judge specifically stated, as a finding of fact, that "the Officer's testimony . . . convinces me that the term was being used to refer to twenty dollars worth of cocaine."

We affirm.

Affirmed.